WILLIAM C. SHORT, Administrator of CHARLES A. SHORT,
deceased, *vs.* PHILADELPHIA, BALTIMORE AND WASHINGTON
RAILROAD COMPANY, a corporation existing under the
Laws of the State of Delaware.

*Personal   Injuries—Death—Negligence—Running   Car  without
Authority; Averment and Proof of—Evidence—City Ordi-
nance—Due   Care—Presumption.*

1. When the plaintiff in an action for personal injuries has averred
that the defendant had no legal right or authority to run its car  and
engine on the spur of track and over the  sidewalk at the point where the
accident occurred, the burden is upon the plaintiff to prove it; and not
having proved it, it cannot be presumed to be true because the defendant
did not show that he had such right or authority.

2. In every case each party has the right to presume that the other
party will do his duty, but such presumption in no wise relieves such
party of the duty of exercising ordinary and reasonable care on his own
part.

3. If it is shown that the railway company was running its shifter or
car in violation of an ordinance of the city, such violation would constitute
negligence on the part of the company and it would be liable if such
negligence was the cause of the accident and the plaintiff's own negligence
did not contribute thereto. But if the deceased could, by the exercise of due
care and caution on his part, have avoided the accident, it was his duty to
do so, and his failure so to do would prevent him from recovering, no
matter if the speed of the shifter was excessive and illegal, and no lookout
was kept or maintained by the company.

4. In determining whether the deceased was at the time of the
accident exercising reasonable care and caution, the jury may consider
the ease or difficulty of seeing an approaching train, any warning or
notice that may have been given, or the want or absence of any warning
or notice, of the approaching engine and car, and any and all other facts,
circumstances and conditions shown by the evidence to have been existing
at the time of the accident bearing upon the point.

(*May* 25, 1908.)

LORE, C. J., and PENNEWILL, J., sitting.

*Levin Irving Handy* and *W. W. Knowles* for plaintiff.

*Andrew C. Gray* and *Walter H. Hayes* for defendant.

Superior Court, New Castle County, May Term, 1908.

SHORT vs. P., B. & W. R. R. 109

CHARGE.

ACTION ON THE CASE (No. 112, September Term, 1907) by the administrator of Charles A. Short, deceased, to recover damages sustained by the estate of said deceased on account of his death, alleged to have been caused by the negligence of the defendant, on December 12, 1906.

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—This is an action brought by William C. Short, administrator of Charles A. Short, deceased, for the recovery of damages sustained by the estate of said deceased on account of his death which is alleged to have been caused by the negligence of the defendant company on the twelfth day of December, 1906. It is alleged by the plaintiff that the defendant so carelessly and negligently ran its shifter, consisting of an engine and coal car, at a point where its tracks cross Fourth Street between Church and Spruce Streets in this City, and enter the coal yard of the Philips-Thompson Company, that the deceased, who was proceeding along the sidewalk, was struck by the coal car and instantly killed.

The specific acts of negligence relied upon by the plaintiff are (1) the general carelessness of the company in the operation of the engine and car, (2) the failure to have and use a proper safety gate at the place of the accident to warn pedestrians of danger, (3) the failure to maintain a lookout to give timely warning, (4) the failure to blow the whistle or ring the bell when approaching the crossing, (5) the failure to have a sufficient crew in the operation of the engine and car, (6) the dangerous, high and illegal rate of speed at which the engine and car were run, (7) the failure to give any suitable and sufficient warning, (8) the failure to wave a flag at the place of accident, (9) the running of the engine and car at the place of the accident without any authority so to do, and the failure to give any or proper and sufficient warning to pedestrians while so doing.

The plaintiff avers that the deceased was, at the time he was struck and killed, exercising proper care and caution, and

that the accident was caused entirely by the negligence of the company.

The defendant company claims that the death of the deceased was not caused by any negligence or want of care on the part of the company, but by his own negligence in crossing or attempting to cross the railroad tracks when the engine was approaching the crossing, and when he saw or could have seen or heard it by the ordinary use of his senses, there being nothing to obstruct his view.

It is admitted that the defendant company was at the time of the accident operating the engine and car that struck the deceased; and also that letters of administration upon the estate of Charles A. Short, the deceased, were issued to the plaintiff, William C. Short.

We decline to instruct you to return a verdict for the defendant, as requested in its first prayer, because we think the case is one which should be submitted to the jury, and determined by them upon the evidence, after applying thereto the law as we shall state it to you.

And we decline to instruct you as requested by the plaintiff in his third prayer, that the defendant had no legal right or authority to run its car and engine on the spur of track and over the sidewalk at the point where the accident occurred. We think that such want of authority having been averred by the plaintiff as a fact, the burden was upon him to prove it, and not having proved it, it cannot be presumed to be true because the defendant did not show that it had such right or authority. The cases cited by the plaintiff do not, in our opinion, support his proposition.

This action is based upon negligence, and it is necessary that we should explain to you briefly what is meant by that term. Negligence has been often defined by this Court to be the want of ordinary care, that is, the want of such care as a reasonably prudent and careful man would exercise under the circumstances. What constitutes negligence is a question of law to be determined by the Court, but whether negligence in fact exists in

the particular case, is a question of fact for the determination of the jury.    It is for you to determine in this case whether there was any negligence that caused the injury and death complained of, and if there was, whether it was the negligence of the defendant or the plaintiff.

Negligence is never presumed, but must always be proved; and the burden of proving it rests upon the plaintiff.    In the absence of any evidence to the contrary, the law presumes that at the time of the accident the deceased did his duty, and did exercise reasonable care and caution.    This, however, is merely a presumption of law, and may be rebutted by evidence.

If the negligence of the deceased entered into the accident at the time he was struck and killed, his administrator, the plaintiff, cannot recover, even though the company was also guilty of negligence.    In such case the deceased would have been guilty of contributory negligence, and the law will not attempt to measure the proportion of blame or negligence to be attributed to each party.

The plaintiff, however, would be entitled to recover notwithstanding there had been some negligence on the part of the deceased, if it was the negligence of the defendant alone that was the proximate or immediate cause of the death.    In other words, if, notwithstanding any previous negligence of the deceased, the company could have prevented the accident by the use of ordinary and reasonable care.

In every case each party has the right to presume that the other party will do his duty, but such presumption in no wise relieves such party of the duty of exercising ordinary and reasonable care on his own part.

The terms ordinary care and diligence, when applied to the management of railroad engines and cars in motion, must be understood to import all the care, prudence and discretion which the peculiar circumstances of the place or occasion reasonably require of the servants of the defendant company, and this will be increased or diminished as the ordinary liability to danger and accident, and to do injury to others, is increased or diminished in the movement and operation of them.    But, on the other hand,

it is equally well settled that the deceased was also bound at the same time to use ordinary prudence, care and diligence to avoid the accident and injury, and the care and diligence which he was bound to use were in proportion to the danger to be avoided.

Due care in the case of the company means, ordinarily, the timely employment of sufficient signals or warnings, giving notice of the approach of trains to public places, such as highways or street crossings; and in the case of individuals due care means proper circumspection in looking or listening, or both, when practicable, to avoid collision; and the greater the peril to the individual, the greater the duty of exercising care by the company, and of prudence and caution on the part of the individual. This, after all, is but common sense, the force of which must be evident to all. If the defendant failed to make use of the usual and appropriate means to warn the deceased at the time of the accident, such failure was negligence on its part, and if the accident occurred by reason thereof, it would be liable, provided the deceased did not by his own carelessness contribute in some degree proximately to his injury.

A person approaching a railroad crossing is bound to know that it is a place of danger, and he must give that attention to the sights and sounds of warning of an approaching train, if any there be, that a man of ordinary prudence and caution, under like circumstances, would give. And there is also imposed upon each person the reasonable and ordinary use and exercise of his senses of sight and hearing for his own safety and protection, and avoidance of danger. If by using his senses of sight and hearing he could have known that the train was approaching and avoided the accident, and yet undertook to cross the tracks instead of waiting for the train to pass, and was injured in consequence thereof, he cannot recover. And if such person is familiar with such crossing and its surroundings, he is bound to avail himself of his knowledge of the locality and act accordingly.

With respect to the matter of negligence, we say to you that certain things are, or amount to, negligence in law, whether any active or positive negligence be proved or not. The violation

SHORT vs. P., B. & W. R. R.                    113

CHARGE.

of an ordinance of this city is of itself (*per se* as we may  say) an act of negligence, which, in legal controversy, only requires to be proved to render a wrong-doer liable for any injury resulting from such misconduct or violation.    There is an ordinance of this city which makes it "unlawful for any locomotive, railroad car or other vehicle to be propelled or drawn upon such part of any railroad as shall be within the limits 'of the City of Wilmington at a faster rate than six miles an hour.'

There is another ordinance which provides that the "railroad company or companies shall also keep a lookout at every point where the railroad track owned or used by said company or companies is crossed by the following named public streets of the city, viz.:   Justison, West, Market, King, Front, Third, Fourth and Seventh Streets, who shall, upon the passage of every locomotive, between the hours of six a. m. and nine p. m., warn the passers on the public streets of such passage by waving a flag in the day time and a lantern at night."

The plaintiff claims to have proved that the defendant at the time of the accident was running its shifter in violation of each of said ordinances.    It is for you to say whether such proof has been made or not.    If it has, then we say to you that such violation would constitute negligence on the part of the defendant, and it would be liable in this action, if such negligence was the cause of the accident and the plaintiff's own negligence did not contribute thereto.    But if the deceased could, by the exercise of due care and caution on his part, have avoided the accident, it was his duty to do so, and his failure so to do would prevent him  from recovering, no matter if the speed of the shifter was excessive and illegal, and no lookout was kept or maintained by the defendant. The law does not permit anyone to recover damages from another for an injury, if his own negligence has contributed thereto, or where by the exercise of reasonable care he could have avoided it, no matter how great the negligence of such other person may have been.    If, therefore, in this case the deceased had a clear and unobstructed view of the approaching shifter, and saw or heard it, or by the reasonable use of his senses could have seen or heard it,

or if he had a timely and sufficient warning of its approach and by the exercise of reasonable care and caution on his own part, the accident could have been avoided, he cannot recover.

In determining whether the deceased was at the time of the accident exercising reasonable care and caution you may consider the ease or difficulty of seeing an approaching train, any warning or notice that may have been given, or the want or absence of any warning or notice of the approaching engine and car, and any and all other facts, circumstances and conditions shown by the evidence to have been existing at the time of the accident bearing upon the point.

Whenever the testimony is conflicting or contradictory the jury should reconcile it if they can, but if they cannot do so they may believe those witnesses whom they deem most credible and worthy of belief, having due regard to their character, their opportunity of knowing the facts concerning which they testify, their apparent frankness and sincerity in giving their testimony, and any bias or interest shown by the evidence.

If you should find for the plaintiff, your verdict should be for such a sum as you believe from the evidence the deceased would probably have earned in his business during life and left as his estate at the time of his death, and which would have gone to his next of kin, taking into consideration the age of the deceased, his ability and disposition to labor, and his habits of living. So you will observe that the true measure of damages is not what would have been his earnings during the remainder of his life, but what part of such earnings you believe from the testimony he would have saved and left at his death for distribution among his next of kin.

Verdict for plaintiff for $2,633.33-\frac{1}{3}$.