OPINION. Leecii, Judge: Although petitioner asks redetermination of deficiencies in income and excess profits taxes for two years prior to the year in which the transaction here questioned took place, the parties are agreed that the sole question presented is whether the sale of the elevator properties was in fact made by petitioner and the gain so taxable, or by its stockholders and the consequent gain taxable to them. The effect of this transaction upon the income taxes of 1943 results from the fact that petitioner reported no gain to it from the sale of these properties, but instead reported a net operating loss for that portion of the fiscal year 1945 ending on the date of its dissolution. Petitioner contends that if it is not taxable with the gain realized and did sustain the loss reported on its return, such loss would be reflected under the carry-back provisions of the statute in the computation of its income tax for 1943. We accordingly have but the one question to determine, namely, whether the gain resulting from the sale of the elevator properties in 1945 was taxable to the corporation or its stockholders. The evidence upon which the petitioner relies as sufficient to overturn the presumption of correctness attaching to respondent’s determination and to establish the fact that the sale and transfer of its elevator properties was not for its account, but rather by and for the account of its stockholders after the. dissolution and liquidation of its assets to its stockholders, is, to say the least, exceedingly meager. Petitioner has merely proven the formal documents effecting the dissolution of petitioner and the transfer of its properties to Powell under the designation of “liquidating agent for the stockholders” and the execution of the agreement for the sale of such properties by the liquidating agent to the purchaser. It is argued that the facts thus established, i. e., that petitioner’s dissolution occurred prior to the execution of the formal agreement to sell the properties and the conveyances of the corporate properties to Powell, described in his agreement with the purchaser as liquidating agent for the stockholders, are sufficient to overcome the admitted burden of petitioner. It is argued that we must give full effect to these documents and accept the designation of character as true in fact. We do not agree. If in fact the sale of petitioner's elevator properties was conceived and negotiated by its president, acting in its behalf prior to its dissolution, and such sale was carried out through an arrangement whereby petitioner was dissolved and the properties to be sold were conveyed to a liquidating agent or to its stockholders and the formal contract to sell was executed by the party or parties then holding legal title, such sale was, for tax purposes, made by the corporation. Commissioner v. Court Holding Co., 324 U. S. 331; Meurer Steel Barrel Co. v. Commissioner, 144 Fed. (2d) 282; Taylor Oil & Gas Co. v. Commissioner, 47 Fed. (2d) 108; Hellebush v. Commissioner, 65 Fed. (2d) 902; Fairfeld Steamship Corporation, 5 T. C. 566. The issue is as to the substance of the transaction. This is not answered by proof which establishes nothing more than the form in which it was carried out. In the petition instituting these proceedings certain facts are specifically alleged as follows: (7) No commitment or agreement, verbal or written, was entered into by the officers or any other authorized representatives of The Wichita Terminal Elevator Company to sell any of the corporation’s assets, which were later distributed in liquidation of the corporation, prior to the liquidation of The Wichita Terminal Elevator Company. (8) Ii. H. Powell did not immediately after June 16, 1944, make committment or agreement for the sale of the assets, thus acquired and held by him, as agent for his beneficiaries, but considered several proposals. Finally, on the 26 day of June, 1944, he entered into a written agreement with one Paul Ross and his associates, to sell and convey to them or to a corporation to be formed by them, a portion of the assets representing approximately thirty-five (35%) percent of the total value of the assets distributed in liquidation of the corporation. These allegations of fact are denied in the answer of respondent. Not one scintilla of evidence was introduced by petitioner in support of these allegations. It is noted in connection with the allegation that Powell entered into a contract with Ross for the sale of the elevator properties on June 26, 1944, that the record shows that such contract was actually entered into on June 23, 1944, the same day that the dissolution of petitioner was effective under the Kansas statute. If in fact the sale of petitioner’s properties was not negotiated prior to its dissolution, the evidence of such fact is in the possession of petitioner. If that were the fact, it must have been known by petitioner’s officers, who could have testified to that effect, but the only witnesses called at the hearing were its vice president, N. Louise Powell, and its secretary, C. P. Garretson, who were asked by petitioner’s counsel only to identify certain exhibits consisting of minute entries and other documents whereby the dissolution of petitioner was effected' and the properties in question conveyed. Petitioner’s counsel invoked the rule forbidding the cross-examination of a witness except as to the matters testified to on direct examination. Powell, who was the president of the corporation and who is shown to have actually negotiated the sale of the properties, did not testify. This is significant in view of the fact that a witness introduced by respondent testified that Powell had made the statement to him that he had, on June 1,1944, discussed the sale with one Ross, who wished to buy the Wichita elevator property, and that he had advised Ross that it was their plan to sell the country elevators as well, and that thereupon Ross made an investigation of these four elevators and three or four days later resumed negotiations for their purchase. Petitioner’s counsel argues that this evidence is of no importance because there is no showing that the individual by the name of Ross who was negotiating for the purchase of the properties prior to petitioner’s dissolution was the Paul Ross who entered into the formal contract for their purchase three weeks later on the same day that the dissolution became effective. This argument is without weight. If these negotiations were with interests other than those to whom the properties were ultimately conveyed, this fact could readily have been established by petitioner. Petitioner has not established the factual allegations in its petition which are material and essential. Respondent was under no obligation to introduce evidence to rebut a fact alleged but not proven by petitioner. Short v. Philadelphia B. & W. R. Co., 23 Del. 108; 76 Atl. 363. The rule is well established that the failure of a party to introduce evidence within his possession and which, if true, would be favorable io him, gives rise to the presumption that if produced it would be unfavorable. Walz v. Fidelity-Phoenix Fire Ins. Co. of New York, 10 Fed. (2d) 22; certiorari denied, 271 U. S. 665; Equipment Acceptance Corporation v. Arwood Can Mfg. Co., 117 Fed. (2d) 442; Hann v. Venetian Blind Corporation, 111 Fed. (2d) 455; Bomeisler v. Jacobson & Sons Trust, 118 Fed. (2d) 261; Sears, Roebuck & Co. v. Peterson, 76 Fed. (2d) 243. This is especially true where, as here, the party failing to produce the evidence has the burden of proof or the other party to the proceeding has established a prima facie case. Moore v. Giffen, 110 Cal. A. 659; 294 Pac. 730; Indianapolis & Cincinnati Traction Co. v. Montfort, 80 Ind. A. 639; 139 N. E. 677. Upon the record, we think our finding that the sale of these elevator properties was in fact by the petitioner corporation is amply sustained. Decision will be entered for the respondent.