JAMES N. BROOKS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brooks v. Commissioner
Docket No. 247-80.
United States Tax Court
T.C. Memo 1981-516; 1981 Tax Ct. Memo LEXIS 228; 42 T.C.M. (CCH) 1100; T.C.M. (RIA) 81516; September 16, 1981. James N. Brooks, pro se. Debre P. Katz, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined the following deficiencies in income tax and additions to tax against petitioner: Taxable
Deficiency
Additions to Tax
Year
in Tax
Sec. 6651(a) [1]
Sec. 6653(a)
1975
$ 3,295.94
none
$ 164.80
1976
3,456.00
$ 659.13
172.80
1977
3,131.00
688.00
156.55
The issues for our decision are as follows: (1) Whether wages paid to petitioner in the form of U.S. Federal Reserve Notes constitute taxable income to petitioner for the three taxable years involved; (2) whether petitioner is entitled to a capital loss deduction for each of *229 the taxable years involved resulting from the carryover of a capital loss sustained in the taxable year 1974; (3) whether petitioner is liable for the addition to tax under section 6651(a) for the taxable years 1976 and 1977; and (4) whether petitioner is liable for the addition to tax under section 6653(a) for the taxable years 1975, 1976 and 1977. FINDINGS OF FACT Some of the facts were stipulated. The stipulations of facts and attached exhibits are incorporated by this reference. Petitioner resided in the State of Colorado when he filed his petition. Petitioner was an employee of the University of Denver from January 1, 1953, to August 18, 1977, attaining the position of a research physicist. He filed a U.S. Individual Income Tax Return for the taxable year 1974 in which he reported a capital loss in the amount of $ 21,540.08 which he sustained in that year. He claimed $ 1,000 of the loss as a deduction in 1974, thereby entitling him to carry over to subsequent taxable years the sum of $ 20,540.08. Petitioner filed Forms 1040X for the taxable years 1975, 1976 and 1977 in which he claimed the Fifth Amendment and reported no income and no deductions. He filed *230 no Federal income tax returns for the taxable years 1975, 1976 and 1977. The Commissioner, on October 17, 1979, mailed to petitioner a statutory notice of deficiency in which he determined deficiencies in income tax and additions to tax as set forth above. OPINION The statutory notice of deficiency mailed by the Commissioner to petitioner is presumptively correct and the burden of proof is on petitioner to show in what respect, if any, it is incorrect. Welch v. Helvering, 290 U.S. 111 (1933). Petitioner contends that his wages earned at the University of Denver do not constitute taxable income to him because they were paid in the form of U.S. Federal Reserve Notes and such notes do not constitute money. There is no merit to such a contention. Hatfield v. Commissioner, 68 T.C. 895 (1977). Petitioner sustained a capital loss of $ 21,540.08 for the taxable year 1974, of which he deducted $ 1,000 on his return for 1974. He claims carryovers of the balance of $ 20,540.08 to the taxable years 1975, 1976 and 1977. Respondent objected to the allowance of any portion of the loss claimed as deductions for the taxable years 1975, 1976 and 1977 *231 without proof by petitioner that he did not realize capital gains in those subsequent taxable years against which all or a portion of the carryover should be offset. Petitioner testified that he had no net capital gains for the taxable years 1975, 1976 and 1977 and that he had no stock brokerage account during the taxable years 1976 and 1977. He could not recall whether he had a brokerage account during 1975. Petitioner admitted that he had books and records reflecting his income and expenses for the taxable years 1975, 1976 and 1977 at his residence but he refused to produce them and offer them in evidence on the grounds that he was under threat of criminal prosecution and his books and records might tend to incriminate him. Petitioner was allowed to offer into evidence over respondent's objection an answer to petitioner's interrogatories in which it was revealed that a criminal investigator of the Denver District of the Internal Revenue Service examined the I.R.S. file on petitioner and recommended that a criminal investigation of petitioner not be pursued. Counsel for respondent represented that she knew of no pending criminal investigation of petitioner. There is, therefore, *232 no evidence that petitioner is under the threat of criminal prosecution; the only evidence suggests that the I.R.S. has abandoned any such investigation. Petitioner's disability in presenting evidence entitling him to the capital loss deductions is of his own making. See Singleton v. Commissioner, 606 F.2d 50, 52 (3d Cir. 1979), affg. per curiam a Memorandum Opinion of this Court. There being no threat of criminal prosecution, we conclude that petitioner's refusal to offer his records in evidence is based upon the fact that they are unfavorable to his position. Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158 (1946). Respondent is, therefore, sustained in refusing to allow the carryover of the capital loss for the taxable year 1974 to the taxable years 1975, 1976 and 1977. Petitioner offered no evidence to rebut the presumptive correctness of the Commissioner's determination that petitioner is liable for additions to tax as set forth above. Accordingly, respondent is sustained on the additions to tax determined in the statutory notice of deficiency. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩