DONALD JOSEPH HART, JR., and JOANNE HART, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hart v. Commissioner
Docket No. 21281-81.
United States Tax Court
T.C. Memo 1983-179; 1983 Tax Ct. Memo LEXIS 614; 45 T.C.M. (CCH) 1166; T.C.M. (RIA) 83179; March 31, 1983. Donald Joseph Hart, Jr., pro se. Michael Sheeley, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency in petitioners' income taxes for the years 1978 and 1979 in the amounts of $1,822 and $955, respectively. The deficiency was based upon disallowance of a dependency exemption and certain travel expenses claimed by petitioners and increase in the amount of petitioners' wage income. FINDINGS OF FACT Petitioners, husband and wife, resided in Clay, New York, at the time their petition was filed. They timely filed joint income tax returns for the years 1978 and 1979 with the Internal Revenue Service Center at Andover, Massachusetts. During the taxable years in issue, petitioner Donald Hart (petitioner) was employed as a steam-fitter by various employers. During the taxable year 1979, petitioner was employed by six employers, two of whom were ITT Grinnell Industrial Piping, Inc., of Kennersville, *616 North Carolina, and ITT Grinnell Industrial of Ottumwa, Iowa. On their tax return for 1979, petitioners reported wages of $23,419.02, which was the total shown on six W-2 Forms attached to the return, including separate W-2 Forms from ITT Grinnell Industrial Piping, Inc. and ITT Grinnell Industrial. Sometime prior to June 24, 1980, respondent instituted an office audit of petitioners' 1978 tax return. Petitioner appeared in respondent's office in Syracuse, New York, for an appointment with respondent's agent assigned to conduct the audit. Respondent's agent did not appear promptly at the reported time, and, after waiting for awhile, petitioner left. On July 11, 1980, respondent wrote a letter of apology to petitioner and attempted to reschedule the appointment. Thereafter, however, petitioners refused to go to the office of respondent during normal business hours, although they offered to met with respondent's agent at their home any weekday after 7:00 p.m. or any time on Saturday. During the period of this impasse, the audit had been extended to $1979. Respondent's notice of deficiency was issued May 11, 1981. With respect to 1978, the notice of deficiency disallowed deductions *617 of employee business expenses claimed in the sum of $6,613, including $4,105 identified as meals and lodging and $2,508 identified as car expenses. Respondent also disallowed for 1978 (but allowed for 1979) a dependency exemption claimed for Mike Hart, petitioner's son by a prior marriage not living with him. With respect to 1979, respondent disallowed employee expense deductions of $4,140.32, comprised of $550 identified as meals and lodging and $3,590.32 identified as car expenses. Respondent also determined that petitioners had failed to include $272 of income received from ITT Grinnell Industrial Piping, Inc., on their 1979 return. Petitioners' position, as stated in their amended petition, is as follows: 1978 dispute I won by Default on the part of the IRS by showing at their appointed time and place and they would not see me on March 25 1980. 1979 dispute is an attempt at harassment at which I am fed up with Without any obligation to do so, during the trial the Court and respondent's counsel attempted to assist petitioner to develop his case in the manner necessary to sustain his burden of proof. He chose instead to remain intractable and argumentative. He refused *618 to enter into any stipulation of facts. He did not produce any receipts or other records other than a hand-written list of certain expenses, made the night before the trial and based upon his memory. As to any receipts, he stated that "most of them are probably lost or thrown away." He insisted that if his truthfulness were doubted, the Court or respondent could obtain records from employers, local unions, motels, and the state court (with respect to child support paid). When told that it was his obligation to produce such records, he stated "now I am standing on principle." In conclusion, he suggested that respondent should not "bother" him because "there is nothing astronomical about" his claimed deductions. OPINION The inference we draw from this total record is that perhaps this is an instance where petitioners exaggerated the amounts of deductible expenses and, through fear of exposure when questioned about them, failed to establish the amount to which they were in fact entitled. Such speculation may explain petitioners' conduct, but it does not help their cause in the absence of adequate evidence of deductible expenses. A statutory notice of deficiency is ordinarily *619 presumed correct, and it is the taxpayer who bears the burden of persuasion (the ultimate burden) and the burden of going forward with the evidence. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Income tax deductions are matters of legislative grace, and petitioners are required to maintain and present for examination books and records sufficient to establish their rights to the deductions claimed. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); Interstate Transit Lines v. Commissioner,319 U.S. 590 (1943); section 6001. [1] Where petitioners present no evidence other than their assertion that their return was correct when filed and offer no substantiation of their sworn statement as to the deductions, respondent's determination is ordinarily sustained in total. See Wilkinson v. Commissioner,71 T.C. 633 (1979). Moreover, petitioners' failure to submit evidence that is available to them justifies an inference that the evidence, if produced, would not substantiate their claims. Wichita Terminal Elevator Co. v. Commissioner,6 T.C. 1158, 1165 (1946). *620 Petitioner, as an employee of various employers performing work in various locations, may well have incurred "away-from-home" traveling expenses, which, if proven, would be deductible under section 162(a). That section and the regulations issued in relation thereto, specifically section 1.162-2, Income Tax Regs., permit deductions for traveling expenses while away from home, including meals and lodging, that are reasonable and necessary in the conduct of the taxpayer's business. Such expenses are deductible in computing adjusted gross income of an employee. Section 62(2). Respondent does not quarrel with this proposition but asserts correctly that petitioners have failed to meet their burden of proof with respect to the claimed business expenses, particularly in view of the substantiation requirement of section 274(d) and the regulations issued pursuant thereto. Section 1.274-5(b)(2), Income Tax Regs., specifically provides that the elements to be proved with respect to an expenditure for travel are the amount of each *621 separate expenditure; the dates of departure and return for each trip away from home, and number of days away from home spent on business; the destinations or locality of travel, described by name of city of town or other similar designation; and the business reason for the travel. The rules for substantiation set forth in section 1.274-5(c)(1) state that such substantiation may be by adequate records or by sufficient evidence corroborating the taxpayer's statement, with exceptions not here applicable. Further: Section 274(d) contemplates that a taxpayer will maintain and produce such substantiation as will constitute clear proof of an expenditure for travel, entertainment, or gifts referred to in section 274. A record of the elements of an expenditure made at or near the time of the expenditure, supported by sufficient documentary evidence, has a high degree of credibility not present with respect to a statement prepared subsequent thereto when generally there is a back of accurate recall. Thus, the corroborative evidence required to support a statement not made at or near the time of the expenditure must have a high degree of probative value to elevate such statement and evidence *622 to the level of credibility reflected by a record made at or near the time of the expenditure supported by sufficient documentary evidence. Where, as here, no records have been produced, the taxpayer must establish each element of the expenditure, as set forth above, by his own statement containing specific information and detail as to such element and by other corroborative evidence sufficient to establish such element. Section 1.274.5(c)(3). The gratuitous attempts of the Court and respondent's counsel to draw such information out of petitioner failed here. To the extent that he did testify, no corroborative evidence was produced. Thus none of the claimed travel expenses can be sustained. With respect to the dependency exemption claimed for petitioner's son during 1978, petitioner testified that he paid child support of $30 a week (in response to a question from the Court). As to whether he paid ever week during 1978, he responded "I'm not sure, I know I paid over $750 though." To come within the special rules relating to children of divorced or separated parents, petitioner, the noncustodial parent, would have to establish that he paid more than $1,200 during 1978. Section *623 152(e)(2); section 1.152-4 (d)(3), Income Tax Regs.
The alleged additional income from ITT Grinnell Industrial Piping, Inc., determined by respondent raises a different matter. Petitioner testified that during 1979 he was employed by ITT Grinnell Industrial in Iowa and by ITT Grinnell Industrial Piping, Inc., in North Carolina; he worked on two different jobs, and his work was performed in Oswego, New York. Petitioner's further testimony that the wages he received from these companies were the amount shown on the W-2 Forms attached to his tax return, and his denial of the receipt of an additional sum of $272, is uncontroverted. There is nothing in this record that makes petitioner's testimony in this regard incredible. Its reliability is supported by the Forms W-2. As to this issue, we find that petitioners have met their burden of proof. Although respondent may have had some basis on which to make his determination, no evidence that petitioner received the additional income was presented. Therefore, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩