CHESTER R. McDONALD, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 14331–80.     Filed May 11, 1981.

*Robert E. Nelson* and *Michael D. Willis,* for the petitioner.
*Linda A. Jackson,* for the respondent.

EKMAN, *Judge:* On September 8, 1980, respondent filed a motion to dismiss the petition in this proceeding for lack of jurisdiction because it was not filed within 90 days after the mailing of the notice of deficiency as prescribed by section 6213(a). On October 14, 1980, petitioner filed his objections to respondent's motion and his motion to dismiss for lack of jurisdiction because a valid deficiency notice was not issued pursuant to section 6212 within the time prescribed by section 6501. At the hearing on the motion held on March 2, 1981, the parties submitted a stipulation of facts and a supplemental stipulation of facts, both with exhibits attached, and the Court heard the testimony of petitioner.

The issue for decision is whether respondent's failure to send to petitioner's counsel a copy of the notice of deficiency issued to petitioner serves to invalidate the notice where respondent communicates to petitioner that a copy of the notice has been sent to petitioner's counsel.

### FINDINGS OF FACT

The stipulated facts and exhibits are incorporated herein by this reference. Those facts pertinent to the resolution of the issue presented are as follows.

Chester R. McDonald (hereinafter petitioner) was a resident of Green Bay, Wis., at the time he filed his petition in this case. He timely filed a gift tax return for the quarter ended June 30, 1975, with the Internal Revenue Service Center, Kansas City, Mo. Petitioner and respondent extended the time for issuing a valid notice of deficiency for that quarter to January 31, 1980, through execution of a Consent Agreement (Form 872-G).

During 1978, petitioner executed and filed with respondent a valid power of attorney whereby Robert E. Nelson (hereinafter counsel) was appointed to represent him with regard to his gift tax for that quarter and to receive copies of notices and other written communications. Counsel represented petitioner throughout respondent's audit of petitioner's gift tax liability for the quarter and received from respondent copies of communications sent to petitioner. Negotiations between the parties concerning petitioner's gift tax liability were fruitless, and, by letter dated August 22, 1979, counsel, on behalf of petitioner, stated that they had "decided to docket the case with the Tax Court" and requested that respondent "issue a 90-day notice of deficiency."

On January 22, 1980, respondent issued a notice of deficiency to petitioner wherein respondent determined a deficiency in gift tax for the quarter ended June 30, 1975, in the amount of $6,093.75. That notice was mailed to petitioner with a Statutory Notice Statement-Waiver (Form 4089) which bore the legend "Copy to Authorized Representative" followed by the name and address of counsel. No copy of either the notice of deficiency or the Form 4089 was in fact sent to counsel, but both the notice of deficiency and Form 4089 were received by petitioner. On June 6, 1980, a statement of tax due for the quarter was mailed to petitioner. On July 24, 1980, the petition in this case was filed with the Court.

OPINION

Section 6212(a) authorizes the Secretary of the Treasury or his delegate to send a notice of deficiency to a taxpayer by certified or registered mail when it has been determined that a deficiency exists in the taxpayer's taxes. Section 6212(b)(1) provides, with an exception not relevant herein, that a notice authorized by 6212(a) shall be sufficient if mailed to the taxpayer at his last known address. Section 6213 provides that a taxpayer such as petitioner may file a petition for a redetermination of a

deficiency within 90 days after the mailing of the statutory notice.

Respondent contends that a valid notice of deficiency pursuant to section 6212 was issued to petitioner on January 22, 1980, within the period of limitations prescribed by section 6501 and that petitioner did not file his petition within the time prescribed by section 6213. Petitioner does not contest respondent's contention that the petition herein was not timely filed. Moreover, petitioner does not explicitly dispute the validity, within the purview of section 6212, of the deficiency notice. Petitioner's contention is that respondent is estopped from asserting the existence of a valid notice of deficiency because of his failure to send a copy of the notice to counsel and that therefore we should determine that no notice of deficiency was issued within the time prescribed by section 6501. We disagree.

Petitioner argues that the elements of estoppel set forth in *Underwood v. Commissioner*, 63 T.C. 468 (1975), affd. 535 F.2d 309 (5th Cir. 1976), are present here. As we stated in *Estate of Emerson v. Commissioner*, 67 T.C. 612, 617 (1977), "Although the doctrines of estoppel and quasi-estoppel are applicable against the Commissioner, it is well established that these doctrines should be applied against him with utmost caution and restraint."

Respondent contends that the instant case is controlled by this Court's decisions in *Allen v. Commissioner*, 29 T.C. 113 (1957), and *Houghton v. Commissioner*, 48 T.C. 656 (1967).

In *Allen v. Commissioner, supra,* the taxpayers had filed a proper power of attorney with respondent wherein it was requested that a copy of all communications regarding their tax liability be sent to their named attorneys. While respondent did send a copy of a letter to their counsel in which the basis for the determined deficiency was detailed, respondent did not send a copy of the deficiency notice to counsel. We held the failure of respondent to send a copy of the notice of deficiency to the taxpayer's counsel pursuant to a request contained in a power of attorney does not serve to extend the time within which the taxpayer must file a petition with this Court if a notice of deficiency has been timely sent to the taxpayer by registered mail to his last known address. Noting the express requirements of section 6212 we stated:

We know of no statutory provision under which we could hold such a notice,

thus declared by statute to be sufficient, to be insufficient to mark the beginning of the period for filing prescribed by section 6213(a) because the respondent failed to send a copy of such notice to one other than the taxpayer even if requested by the taxpayer to do so by as formal a document as a power of attorney. [ *Allen v. Commissioner, supra* at 117.]

In *Houghton v. Commissioner, supra,* the taxpayer had filed a power of attorney requesting that copies of correspondence be sent to his counsel. No copy of the notice of deficiency was sent to counsel, and the taxpayer did not receive the notice of deficiency sent to him. The taxpayer sought to have the notice of deficiency declared invalid because it was not sent to his last known address, arguing that he had informed respondent of a change in his address. We held valid the notice of deficiency. We noted that copies of correspondence sent pursuant to a request in a power of attorney are a matter of courtesy and in no way affect the mailing requirements of section 6212. *Houghton v. Commissioner, supra* at 661. See *Mickens v. United States,* 425 F. Supp. 732 (E.D. Mo. 1977). Moreover, we rejected the estoppel arguments advanced by the taxpayers stating "There is no merit in invoking the doctrine of estoppel against the Commissioner under these circumstances." *Houghton v. Commissioner, supra* at 663.

Petitioner contends that *Allen v. Commissioner, supra,* and *Houghton v. Commissioner, supra,* are distinguishable from the instant case in that the taxpayers in those cases failed to prove the essential elements of estoppel. While we do feel that the doctrine of estoppel has vitality in this Court (see *Benoit v. Commissioner,* 25 T.C. 656 (1955), affd. on this issue 238 F.2d 485, 494 (1st Cir. 1956)), we do not feel that the present issue can be resolved on that basis. Even if we were to concede that petitioner has proved the essential elements of estoppel,[1] he would at most be entitled to a holding that respondent is estopped from denying his representation that a copy of the statutory notice was mailed to counsel. Such a holding, for the reasons already cited, would in no way affect the validity of the statutory notice of deficiency.

Congress, through enactment of section 6212, has provided a

---

[1] In this regard, it is significant that petitioner, by our decision herein, is not barred from litigating the issue of his gift tax liability in another forum. See *Boulez v. Commissioner,* 76 T.C. 209 (1981).

clear standard for determining whether a valid notice of deficiency has been issued by respondent. In the instant case, that standard has been met. See *Allen v. Commissioner, supra.* The statutory period within which a petition could be filed, based on the notice of deficiency issued January 22, 1980, expired prior to petitioner's filing of his petition with this Court. Sec. 6213. Therefore, an order will be issued granting respondent's motion to dismiss for lack of jurisdiction.

*An appropriate order will be issued.*