link Ranch Ltd. motion to dismiss Appeal No. 88–15599 is denied.

Contrary to TRL's contention, the district court's order did not violate the automatic stay accorded the debtor by 11 U.S.C. § 362. The stay does not operate against the court with jurisdiction over the bankrupt.

AFFIRMED as AMENDED.

**Gregory W. McKAY, Petitioner,**

v.

**COMMISSIONER OF the INTERNAL REVENUE SERVICE, Respondent.**

No. 88–7056.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 1988.

Decided Oct. 6, 1989.

Gregory W. McKay, Beverly Hills, Cal., pro se.

Gary R. Allen, Tax Div., Dept. of Justice, Washington, D.C., for respondent.

Before BROWNING, SCHROEDER and NOONAN, Circuit Judges.

JAMES R. BROWNING, Circuit Judge:

On April 7, 1977 the IRS issued a notice of deficiencies and fraud penalties with respect to appellant's 1972 and 1973 income

tax returns. Some eight years later, appellant filed a pro se petition for redetermination. The tax court dismissed the petition as untimely under 26 U.S.C. § 6213(a), which requires that such a petition be filed "[w]ithin 90 days ... after the notice of deficiency authorized in section 6212 is mailed."

Appellant claims he did not receive the notice of deficiency. The tax court found appellant received a copy of the notice from his attorney, Herbert D. Sturman, in ample time to file a timely petition for review in the tax court. That factual finding is not clearly erroneous. *See Mayors v. Commissioner*, 785 F.2d 757, 759 (9th Cir.1986). Although IRS records of mailing and receipt of such notices were destroyed after 5 years, appellant's attorney testified he received the notice and it was and remained his normal practice to personally deliver such notices to his clients within a few days of receipt. The tax court credited Sturman's testimony, noting that he was a credible and forthright witness, and that his testimony was uncontroverted. Such credibility determinations are for the tax court. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 573–75, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985). Moreover, petitioner declined to testify and since the fact at issue was peculiarly within his knowledge, the court properly concluded his testimony would be unfavorable to him, citing *Wichita Terminal Elevator Co. v. Commissioner*, 6 T.C. 1158, 1165 (1946), aff'd, 162 F.2d 513 (10th Cir.1947). *See Mammoth Oil Co. v. United States*, 275 U.S. 13, 52, 48 S.Ct. 1, 10, 72 L.Ed. 137 (1927); *see also* 2 J. Wigmore, *Wigmore on Evidence* §§ 285, 289 (1979).

As the government points out, the finding was confirmed by contemporaneous documentary evidence—including Sturman's letter of April 13, 1977 to the government acknowledging receipt of the deficiency notice—and by the fact that although appellant denied receipt of the notice, he attached a copy to his petition for review.

■ Appellant contends the tax court erred in receiving Sturman's testimony over appellant's objection based on the attorney-client privilege. The privilege forbids testimony that "would in any way convey the substance of confidential professional communications between [a client] and his attorney." *In re Osterhoudt*, 722 F.2d 591, 594 (9th Cir.1983) (per curiam). Sturman did not testify regarding disclosures made to Sturman in confidence or regarding advice Sturman gave appellant with respect to those confidences. He testified only that he had conveyed information from the government to his client. This case is analogous to those holding that an attorney may be required to testify in a prosecution for "bail jumping," 18 U.S.C. § 3150, that he had informed his client of the date of the hearing at which the defendant failed to appear. *See, e.g., United States v. Freeman*, 519 F.2d 67, 68 (9th Cir.1975). "The relaying of this message is not in the nature of a confidential communication. Defense counsel served merely as a conduit for transmission of a message." *Id.* (quoting *United States v. Hall*, 346 F.2d 875, 882 (2d Cir.1965)).

Appellant suggests Sturman is biased against him. There is no evidence in the record to support the claim. In any event, bias goes to credibility, *see United States v. Abel*, 469 U.S. 45, 50–51, 105 S.Ct. 465, 468, 83 L.Ed.2d 450 (1984), and credibility was for the fact-finder to determine. *See United States v. Vaccaro*, 816 F.2d 443, 454 (9th Cir.1987).

■ Appellant objects that Sturman was not listed as a witness in the government's trial memorandum as required by a standing order of the tax court. Appellant was not prejudiced. The government's memorandum indicated Sturman would be called as an impeachment witness if appellant testified, and appellant received a copy of the subpoena issued to Sturman several days before trial. He had ample opportunity to prepare to meet Sturman's testimony.

■ Appellant contends the notice of deficiency was ineffective because it was not addressed to his "last known address" within the meaning of section 6212(b)(1). "Actual notice" is the central goal of this section. *Clodfelter v. Commissioner*, 527

F.2d 754, 756 (9th Cir.1975). "[I]f mailing results in actual notice without prejudicial delay ... it meets the conditions of § 6212(a) no matter to what address the notice successfully was sent." *Id.* at 757. For the same reason it is irrelevant that actual notice is conveyed by a copy of the notice of deficiency rather than the original. Either is sufficient to provide the taxpayer with the information he requires to obtain pre-payment review by filing a timely petition in the tax court.

*Mulvania v. Commissioner*, 769 F.2d 1376 (9th Cir.1985), is not to the contrary. There the taxpayer's accountant informed the taxpayer of the receipt of a copy of a misaddressed notice of deficiency. There was "no evidence in the record that [the accountant] discussed the contents of the notice with Mulvania," *id.* at 1377, and Mulvania "never physically received a notice of deficiency." *Id.* at 1379. The IRS argued that it was sufficient that the taxpayer "had actual knowledge of the notice even if not its contents." *Id.* at 1380. We held to the contrary, distinguishing *Clodfelter* as a case in which a notice of deficiency was "actually, physically received by a taxpayer." *Id.* at 1378.

Since appellant, unlike the taxpayer in *Mulvania*, had "actual notice without prejudicial delay" of the contents of the 1977 notice, through timely receipt of an exact copy of that notice, his petition filed eight years later was properly dismissed. *Clodfelter*, 527 F.2d at 756; 26 U.S.C. § 6213(a); *see also Tenzer v. Commissioner*, 285 F.2d 956, 958 (9th Cir.1960) (copy of notice personally delivered to taxpayer by agent of Commissioner). We confine our ruling to cases in which it is beyond contention that the taxpayer has received all of the information that would be furnished by receipt of the notice of deficiency itself—that is, cases in which the taxpayer has received a duplicate of the notice of deficiency.

AFFIRMED.

SCHROEDER, Circuit Judge, dissenting:

The majority's decision in this case will make the administration of the law for the future more burdensome.

Congress has declared that when the IRS, by appropriate means, sends a notice of deficiency to the taxpayer's last known address, the notice is effective regardless of whether the taxpayer actually receives it. *See* 26 U.S.C. § 6212(b)(1) (1982); *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir.), *cert. denied*, 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984). An IRS mailing of a notice to an attorney can be as effective as a mailing to the taxpayer's "last known address," but only when the taxpayer requests that all communications be mailed directly to the attorney. *See D'Andrea v. Commissioner*, 263 F.2d 904, 907 (D.C.Cir.1959); *Reddock v. Commissioner*, 72 T.C. 21, 24 (1979). A limited power of attorney, requesting that copies of correspondence be sent to the taxpayer's attorney or other agent, does not effect a change of the taxpayer's last known address, and notice to the attorney does not constitute valid notice to the taxpayer. *See McDonald v. Commissioner*, 76 T.C. 750, 753 (1981); *Houghton v. Commissioner*, 48 T.C. 656, 661 (1967).

In our court's prior decisions, we have recognized that the IRS may provide valid notice to the taxpayer by personally delivering a copy of the notice to the taxpayer, *see Tenzer v. CIR*, 285 F.2d 956, 958 (9th Cir.1960), or by mailing the notice to an address other than the taxpayer's last known address if the notice actually reaches the taxpayer through the mail, *see Clodfelter v. CIR*, 527 F.2d 754, 756 (9th Cir. 1975). But we have squarely, and correctly, held that the agent of the taxpayer cannot provide notice by informing the taxpayer that the agent has received a copy of a misaddressed notice. *Mulvania v. CIR*, 769 F.2d 1376, 1380–81 (9th Cir.1985).

In this case, the IRS did not mail the notice to the taxpayer's last known address. The taxpayer did not designate his attorney to be the recipient of all communications from the IRS. In this case, as in *Mulvania*, the only notice the taxpayer received was from his agent, not from the

IRS. Yet the majority holds that the notice was as valid as if the IRS had correctly addressed the original mailing. It distinguishes *Mulvania* on the ground that here the agent provided the taxpayer with an actual physical copy of the notice, whereas in *Mulvania* the agent did not.

Until today's decision, the lines were drawn with clarity; if the IRS did not itself provide actual notice to the taxpayer or mail the notice to the taxpayer's last known address, the notice was invalid. We now depart from that line, and hold that in some circumstances notice can be provided by the taxpayer's own attorney, rather than the IRS. The inquiry now must shift from what IRS records show, to the nature of communications between tax advisors and clients. This decision opens up the prospect of costly and time-consuming litigation probing sensitive relationships. It provides a disincentive for accurate record keeping on the part of the IRS, and will impede communication between tax advisors and their clients.

The benefit from salvaging a few misdirected notices is not worth this high price. In my view, Chief Judge Goodwin aptly summarized the relevant policy concerns in his opinion in *Mulvania:*

> It is better for the government to lose some revenue as the result of its clerical error than to create uncertainty. If [the taxpayer's agent], either intentionally or unintentionally, had not informed Mulvania of the receipt of the copy of the notice of deficiency, then Mulvania would not have received any notification of the deficiency. Tax law requires more solid footings than the happenstance of a tax adviser telephoning a client to tell him of a letter from the IRS.
> We conclude that, where a notice of deficiency has been misaddressed to the taxpayer or sent only to an adviser who is merely authorized to receive a copy of such a notice, actual notice is necessary but not sufficient to make the notice valid. The IRS is not forgiven for its clerical errors or for mailing notice to the wrong party unless the taxpayer,

through his own actions, renders the Commissioner's errors harmless.

769 F.2d at 1380–81.

Today's decision is contrary to the spirit, if not the letter, of that decision and of the law as Congress intended it to operate. I therefore respectfully dissent.