G. WEST MUNZ AND ANNE C. MUNZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Munz v. Commissioner
Docket No. 18854-88
United States Tax Court
T.C. Memo 1991-171; 1991 Tax Ct. Memo LEXIS 192; 61 T.C.M. (CCH) 2412; T.C.M. (RIA) 91171; April 16, 1991, Filed *192 A decision will be entered pursuant to the stipulation of the parties. G. West and Anne C. Munz, pro sese. Marsha R. Yowell and Donald R. Gilliland, for the respondent. GOFFE, Judge. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION The Commissioner determined the following deficiency in petitioners' income tax and additions to tax for the taxable year 1983: Additions to Tax
Deficiency
Sec.
Sec.
Sec.
Sec.
in Tax
6651 [1]
6653(a)(1)
6653(a)(2)
6661
$ 299,221
$ 74,805
$ 14,961 *
$ 74,805
When this case was called for trial, the parties advised the Court that all issues had been settled except a statute of limitations issue. Therefore, the only question we must resolve is whether the Commissioner mailed the statutory notice *193 of deficiency to petitioners before the expiration of the period of limitations provided by section 6501. FINDINGS OF FACT Petitioners resided in California at the time they filed their petition. Some of the facts have been stipulated for trial pursuant to Rule 91. The stipulation and accompanying exhibits are incorporated by this reference. Petitioners filed their 1983 tax return late. The return was filed on June 20, 1985. Petitioners received a statutory notice of deficiency upon which they based their petition. It was signed on behalf of the District Director of Internal Revenue of the Laguna Niguel, California, District. The statutory notice was stamped "Original" but bore no date. Petitioners filed their petition with this Court on July 19, 1988. The Laguna Niguel District Office of the Internal Revenue Service (IRS) has established procedures for preparing and mailing statutory notices of deficiency. They are initially prepared by IRS clerks on computers and are then taken to other IRS employees who prepare the notices for mailing. At this point they are undated. Four copies of each notice are prepared: two are sent to the taxpayer and two are retained in the *194 IRS file. Three of the four notices are printed from the computer and the fourth is a photocopy made in the Word Processing Unit. The computer-generated "copies" are printed on three sheets of paper separated by carbons; thus, one "original" and two carbon copies are produced simultaneously. The statutory notices are signed, initialed, and date stamped on behalf of the District Director of the Laguna Niguel District. Certified mail lists are typed after the notices of deficiency have been signed. A certified mail article number is assigned by computer to each entry on the list at the time the list is prepared. Four duplicate copies of the certified mail list are prepared. At that point, IRS word processing personnel check to be sure that the social security number, name, address, and taxable year appear on the certified mail list and the notices of deficiency. The notices are also inspected to ensure that all four copies are date stamped, and that the proper signature is present. The case summary sheet, which is attached to the inside front cover of the taxpayer's file, is then initialed and date stamped. The certified mail list is date stamped and initialed, and the number *195 of cases on the sheet is noted. The envelopes in which the notices will be mailed are date stamped and stamped "Certified." Then, for each taxpayer, two of the copies of the notice are inserted into a window envelope. The envelope is sealed with tape, and the certified mail number, taken from the appropriate entry on the certified mail list, is written on the envelope. The address on the notice shows through the window envelope. A certified mail list could have any number of entries to correspond with the number of statutory notices mailed that particular day, but typically the number of entries ranges from 7 to 12. Upon completion of this task, the envelopes are placed in order according to the certified mail numbers. The envelopes are again checked against the numbers appearing on the certified mail list. Then, three copies of the certified mail list are wrapped around the envelopes identified on that list, and a rubber band is placed around the bundle so that it is held firmly together. At this point, the bundle awaits its journey to the IRS mailroom. The bundle arrives at the mailroom by 10:30 a.m. of the date of mailing. A clerk checks the number of envelopes against *196 the number indicated on the certified mail list and places his or her initials on the fourth copy of the list. This fourth copy is retained by the Word Processing Unit to verify the transmittal of the items to the mailroom. Thus, three copies of the certified mail list remain with the envelopes. An IRS employee delivers the certified mail list to the U.S. Postal Service. Three copies of the certified mail list are returned from the U.S. Post Office. At that point an IRS Word Processing Unit employee retrieves them from the mailroom and they are cross-checked against the retained list. The original is kept in the files of the Word Processing Unit and another is sent with the case files for further handling. The third copy is thrown away. Rather than requiring the IRS to use Postal Form 3877, which is a firm mailing book for multiple mailings of certified mail, the U.S. Postal Service has approved a special three-part computer generated form. This form lists the certified number and the addressee's name and address. When an IRS employee presents the form to a postal clerk, the certified number is matched with the envelopes and with the name and address on that form. The postal *197 clerk indicates the total number of items at the bottom of the form and places a date stamp and his or her initials on it. The postal clerk then returns all three copies of the list to the IRS employee. On June 13, 1988, Ms. Welch, a clerk typist for the IRS at Laguna Niguel, placed the date stamp and her initials ("BFW") on the lower left-hand corner of the list under the heading "Total no. of pieces listed by sender." Ms. Welch would not have placed this date stamp and her initials on the certified mail list unless the notices did, in fact, go to the U.S. Post Office. Ms. Welch also placed a check mark beside petitioners' names on the certified mail list to indicate that she cross-checked the information on the notice of deficiency, including the names and addresses, with that on the list. The number "375621" appears under the heading "Article No." on the certified mail list next to petitioners' names. The 300,000 series article number assigned to the document addressed to petitioners indicates the item mailed was, in fact, a notice of deficiency. Only notices of deficiency are assigned numbers in the 300,000 series. The certified mail list upon which petitioners' names and *198 address appear is date stamped June 13, 1988. The certified mail list also has the initials "AB" in the date stamp which were made by window clerk Annette Berlitz of the U.S. Postal Service at the time she received the statutory notice addressed to petitioners. ULTIMATE FINDING OF FACT The statutory notice of deficiency was mailed to petitioners by the District Director of Internal Revenue of Laguana Niguel on June 13, 1988. OPINION Petitioners' sole argument is that the period of limitations expired before the Commissioner mailed a statutory notice of deficiency to them. If we find that the notice was not timely mailed and that the period of limitations expired, the Commissioner is barred from assessing and collecting any deficiency for the taxable year 1983. If, however, we hold that the notice of deficiency was mailed before the expiration of the period of limitations, we will enter a decision in the amount stipulated by the parties. Section 6501(a) provides that Federal income tax shall be assessed within 3 years after the tax return is filed. In the event the return is filed late, as in this case, the period of limitations on assessment commences when the return is filed *199 with the IRS without regard to the date it was due. Sec. 6501(a). When a statutory notice of deficiency is mailed, the period of limitations on assessment is suspended. Sec. 6503(a)(1). The Secretary is authorized to mail the notice to the taxpayer by certified or registered mail. Sec. 6212(a). The expiration of the period of limitations on assessment is an affirmative defense and the taxpayer raising the issue must specifically plead it and carry the burden of proving its applicability. Rules 39, 142(a); Coleman v. Commissioner, 94 T.C. 82, 89 (1990). In establishing this defense, petitioners must make a prima facie case proving (1) the filing of their return, (2) the expiration of the statutory period, and (3) the receipt or mailing of the notice of deficiency after the expiration of the period of limitations. Coleman v. Commissioner, supra; Miami Purchasing Service Corp. v. Commissioner, 76 T.C. 818, 823 (1981); Robinson v. Commissioner, 57 T.C. 735, 737 (1972). Where the taxpayer pleading the defense makes such a showing, the burden of going forward with evidence shifts to the Commissioner *200 who must then introduce evidence to show that the bar of the statute is not applicable. Coleman v. Commissioner, 94 T.C. at 89-90; Adler v. Commissioner, 85 T.C. 535, 540 (1985). Where the Commissioner makes such a showing, the burden of going forward then shifts back to the taxpayer to show that the alleged exception to the expiration of the period is invalid or otherwise inapplicable. Coleman v. Commissioner, supra; Adler v. Commissioner, supra.The burden of proof, i.e., the burden of ultimate persuasion, however, never shifts from the taxpayer who pleads the bar of the statute of limitations. Coleman v. Commissioner, supra; Adler v. Commissioner, supra.
In viewing the record as a whole, we need not determine whether petitioners have established a prima facie case. Respondent called a number of IRS employees to describe, in intricate detail, the procedure for mailing statutory notices of deficiency from the IRS Laguna Niguel District office. The witnesses were credible and we believe their testimony. From that testimony and the exhibits, *201 we conclude that the statutory notice of deficiency was mailed to petitioners on June 13, 1988, which was within the period of limitations prescribed by section 6501. We will briefly review the arguments advanced by petitioners in support of their claim that the statutory notice of deficiency was mailed after the period of limitations expired. First, petitioners introduced a photocopy of a handwritten cover letter prepared by G. West Munz and addressed to the IRS revenue agent who contacted petitioners regarding their tardy return. It states: "Enclosed is my 1983 return [.] Sorry for the delay." It bears the notation "6-12-85." The original of the letter and the original return were received by the Laguna Niguel District Office of the IRS which stamped the letter as having been received on June 17, 1985. The parties have stipulated that petitioners' return was filed on June 20, 1985. Therefore, the 3-year period of limitations expired on June 20, 1988. We observe, as an aside, that even if petitioners' return was considered filed on June 17, 1985, as shown by the date stamp on the cover letter which accompanied the return, the statutory notice was still issued timely because *202 it was mailed on June 13, 1988. Second, petitioners called as a witness Terri Sherman, a Claims and Inquiry clerk of the Consumer Affairs Division of the U.S. Postal Service at the Long Beach post office. She testified that she conducted a search of certified mail receipts and was unable to locate a receipt for certified mail signed by petitioners. The Commissioner, however, is not required to guarantee that a notice of deficiency mailed by certified or registered mail to the taxpayer's last known address is received by the taxpayer. The Commissioner only must mail the notice to the taxpayer; he need not ensure its delivery. Sec. 6503(a)(1); sec. 6512(a); King v. Commissioner, 857 F.2d 676, 681 (9th Cir. 1988), affg. on other grounds 88 T.C. 1042 (1987); Keado v. United States, 853 F.2d 1209, 1211-1212 (5th Cir. 1988); Cool Fuel, Inc. v. Connett, 685 F.2d 309, 312 (9th Cir. 1982); United States v. Ahrens, 530 F.2d 781, 785 (8th Cir. 1976); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). Finally, petitioners introduced into evidence an undated statutory notice *203 for the taxable year 1983 stamped "ORIGINAL." Respondent has not contested its authenticity. Petitioners argue that this demonstrates that the IRS has not followed established procedure because the notice is undated. Petitioners further speculate that the IRS probably realized that the period of limitations was about to expire and had this notice of deficiency printed and hand delivered to petitioners' post office in an attempt to avoid being barred under the statute. We note here that, in addition to certified or registered mail, the Commissioner may use regular mail, hand delivery, and/or actual communication. Such methods, however, must provide the taxpayer with actual notice of the Commissioner's determination to be sufficient under section 6212. See McKay v. Commissioner, 89 T.C. 1063, 1069 n.7 (1987), affd. 886 F.2d 1237 (9th Cir. 1989). [2]
It is true that respondent's witness, at trial, insisted that *204 all copies of the notices of deficiency issued are customarily date stamped, but, if one is not, this does not negate the affirmative evidence produced by respondent which established the date of mailing of the notice. Accordingly, we hold that the statutory notice of deficiency was timely mailed to petitioners on June 13, 1988. To reflect the foregoing, A decision will be entered pursuant to the stipulation of the parties. Footnotes
1. Unless otherwise indicated, all section numbers refer to the Internal Revenue Code in effect for the taxable year 1983 and Rule numbers refer to the Rules of Practice and Procedure of this Court.
* 50 percent of the interest due on $ 299,221. ↩
2. Cantu v. Commissioner, T.C. Memo 1990-354↩.