967 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leslie Donna ROSS, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 90-70135.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1992.*
Decided June 16, 1992.
 
 Before JAMES R. BROWNING, PREGERSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 During the tax year 1981, when Leslie Ross was employed serving cocktails at the Golden Nugget, an Atlantic City, New Jersey casino, the IRS conducted an undercover surveillance operation at several Atlantic City casinos including the Golden Nugget. Agents observed cocktail servers for half-hour periods and recorded the amount of tips they received. The data collected was then statistically analyzed to determine the average hourly tip rate. By multiplying the rate by the number of hours Ross worked in 1981, the IRS determined that she earned $15,206 in tip income rather than the $5,745 she reported. Ross filed a petition in the Tax Court challenging the notice of deficiency and additions to tax. The Tax Court decided the IRS had correctly determined the deficiency and additions due.
 
 
 3
 Ross concedes that because she received income from tips, she was required to maintain accurate and contemporaneous records of tips earned. She also acknowledges the IRS was authorized to reconstruct her income if her records were not accurate. She contends, however, that the Tax Court did not address the accuracy of her records. She is wrong.
 
 
 4
 The Tax Court properly noted Ross had the burden of proving the IRS incorrectly determined her records understated her tip income. Cf. Cracchiola v. CIR, 643 F.2d 1383, 1385 (9th Cir.1981). The court found Ross had not met this burden, stating, "We are not persuaded that petitioner's diary accurately reflects the amount of tips that she earned during 1981."
 
 
 5
 The court's determination was supported by evidence that Ross reported approximately twice as much tip income in 1984 and 1985 as in 1981 even though the casino was substantially less busy in those years. Although Ross maintained she earned fewer tips in 1981 than in 1984 and 1985 because the casino was overstaffed in 1981, as demonstrated by the "major layoff" that took place, the court believed the IRS's witnesses who testified there was no such layoff. "Such credibility determinations are for the tax court." McKay v. CIR, 886 F.2d 1237, 1238 (9th Cir.1989).[1] Ross's contention that the court improperly considered evidence of her reported tip income in 1984 and 1985 after sustaining her objection to its admission is also incorrect. The record shows the court did not sustain any such objection:
 
 
 6
 [IRS COUNSEL:] Ms. Ross, you reported $9,747 in tip income in 1984; is that correct?
 
 
 7
 * * *
 
 
 8
 [ROSS:] What does '84 have to do with '81?
 
 
 9
 * * *
 
 
 10
 [THE COURT:] Well, this is cross-examination and there is some latitude, so I am going to allow her to ask you the question.
 
 
 11
 * * *
 
 
 12
 [IRS COUNSEL:] Ms. Ross, you reported $11,311 in tip income in 1985; is that correct?
 
 
 13
 [ROSS:] That is correct.
 
 
 14
 * * *
 
 
 15
 [IRS COUNSEL:] Ms. Ross, you reported $9,747 in tip income in 1984; is that correct?
 
 
 16
 [ROSS:] That's correct.
 
 
 17
 Reporter's Transcript at 23-25.
 
 
 18
 Ross also claims the IRS "never produced records of beverage sales figures." Such records were irrelevant. The IRS based the average hourly tip rate on the average amount of tips servers received during the times they were observed. The revenue the casinos took in from beverages sold did not enter into the calculation. Ross's argument that the calculation was erroneous because there is no correlation between volume sold and tips received is unavailing for the same reason.
 
 
 19
 Ross further claims the IRS's calculations were flawed because the tip rate was based on tips received at all seven of the casinos observed rather than only at the Golden Nugget. The courts have approved the IRS's use of statistical surveys to calculate tip income. See, e.g., Catalano v. CIR, 81 T.C. 8 (1983), aff'd without opinion sub nom. Knoll v. CIR, 735 F.2d 1370 (9th Cir.1984). Further, Ross does not explain why she believes a rate calculated for seven casinos rather than the Golden Nugget alone would prejudice her. She also does not now, and did not at trial, contradict or challenge the testimony that there were no significant differences in the tips received at the various casinos. See Reporter's Transcript at 38.
 
 
 20
 Finally, Ross contends without elaboration that the IRS "consistently withheld evidence that should have been exchanged prior to trial." When Ross made a similar claim at trial, IRS counsel responded, "[T]he petitioner in this case did not ask me for one iota of information. What she did was make a [Freedom of Information Act] request." Reporter's Transcript at 68.
 
 
 21
 Under the Tax Court Rules, if, after informal consultation, the parties have failed to attain the goals of discovery, they may make formal discovery requests using procedures analogous to those prescribed by the Federal Rules of Civil Procedure. See Tax Ct.R. 70(a)(1), 71, 72. If those procedures do not produce the desired information, the requesting party may move the court for an order compelling compliance. Tax Ct.R. 104. Our review of the record has disclosed no evidence that Ross moved for such an order or that IRS counsel misrepresented Ross's failure to make any discovery requests. The Tax Court was presented with no motion on which to rule and we therefore have nothing to review.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Tax Court properly denied Ross's motion to reopen the record to submit affidavits purporting to demonstrate that there was such a layoff. See Devore v. CIR, No. 91-70213, slip op. 5255, 5259 (9th Cir. May 6, 1992) (tax court's decision not to reopen record for submission of new evidence is not subject to review without a showing of "extraordinary circumstances" that reveal "a clear abuse of discretion")