978 F.2d 714
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elaine C. CHAVEZ, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70100.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 6, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Elaine C. Chavez appeals pro se the tax court's decision upholding the Commissioner of Internal Revenue's (CIR) determination of tax deficiencies and additions to tax for tax years 1983 through 1987. The tax court also imposed a $5000 penalty on Chavez pursuant to 26 U.S.C. § 6673. We have jurisdiction under 26 U.S.C. § 7482 and affirm the tax court's decision and its imposition of a penalty.
 
 
 3
 * Standard of Review
 
 
 4
 We review the tax court's determinations of law de novo and its findings of fact for clear error. See Grimes v. Commissioner, 806 F.2d 1451, 1453 (9th Cir.1986) (standard of review for a tax court decision is the same as that for a civil bench trial in district court). The tax court's imposition of a penalty under 26 U.S.C. § 6673 is reviewed for an abuse of discretion. Id. at 1454.
 
 II
 Merits
 
 5
 Chavez contends that (1) the tax court erred by refusing to permit Chavez's husband to represent Chavez in the tax court proceedings, (2) she was entitled to but did not receive notice before the CIR subpoenaed records from her employer, (3) she was wrongfully denied a hearing before issuance of the notice of deficiency, and (4) the tax court erred by imposing a $5000 penalty against her pursuant to 26 U.S.C. § 6673. These contentions lack merit.
 
 A. Representation
 
 6
 Under Tax Court Rule 24, a petitioner either may represent herself or be represented by counsel properly admitted to practice before the tax court. See Tax Ct.R. 24(a)(4) & (b).
 
 
 7
 Here, it is clear that Chavez's husband was not a petitioner before the tax court. There is also no indication in the record either that he is admitted to practice before the tax court or that he is an attorney. Accordingly, the tax court did not err by refusing to permit Chavez's husband to represent her. See id.; Tax Ct.R. 200.
 
 B. Notice
 
 8
 Chavez contends that reversal of the tax court's decision is required because the CIR failed to send her a copy of the subpoena issued to her employer for payroll information. Even if the CIR failed to properly inform Chavez of the subpoena, however, the record indicates that Chavez stipulated to the wage information received as a result of the subpoena. Moreover, Chavez presents no evidence to indicate that she was prejudiced by the CIR's alleged failure to provide her with a copy of the subpoena. Thus, this alleged procedural error does not require reversal of the tax court's decision. See McKay v. CIR, 886 F.2d 1237, 1238 (9th Cir.1989) (Schroeder, J., dissenting).
 
 C. Hearing
 
 9
 Chavez contends that she was denied due process because the CIR failed to grant her an administrative hearing before issuing a notice of deficiency. We have previously held, however, that the failure to provide a taxpayer with an administrative fact finding hearing before issuing a notice of deficiency does not violate due process. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988). Accordingly, Chavez's contention is meritless. See id.
 
 D. Section 6673 Penalty
 
 10
 Chavez argues that the tax court erred by imposing a $5000 penalty on her for allegedly exercising her statutory rights.
 
 
 11
 "The Tax Court may impose a penalty on a taxpayer ... for bringing an action which is frivolous and groundless." Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985) (citing 26 U.S.C. § 6673). Section 6673 provides that the tax court may require a taxpayer to pay a penalty whenever it appears that proceedings have been instituted or maintained primarily for delay, the taxpayer's position is frivolous or groundless, or the taxpayer unreasonably failed to pursue administrative remedies. 26 U.S.C. § 6673.
 
 
 12
 Here, the tax court found that Chavez' arguments are frivolous, she has failed to address any of the substantive issues in the case, and "she has presented a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish." Chavez failed to file tax returns for tax years 1983 through 1987 and failed to present any evidence to sustain her burden of showing that the CIR's determinations of deficiencies and additions to tax were incorrect. See Baxter v. Commissioner, 816 F.2d 493, 495 (9th Cir.1987). Given these circumstances, the tax court did not abuse its discretion by imposing a $5000 penalty on Chavez. See 26 U.S.C. § 6673.
 
 E. Appellate Sanctions
 
 13
 The CIR requests an award of damages between $1000 and $2500 as a sanction against Chavez for bringing this appeal. Although we have discretion to impose sanctions against pro se litigants on appeal, we decline to impose sanctions in this instance. See Wilcox, 848 F.2d at 1008-09.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3