DONALD W. COLE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cole v. Commissioner
Docket No. 21040-92
United States Tax Court
T.C. Memo 1995-137; 1995 Tax Ct. Memo LEXIS 183; 69 T.C.M. (CCH) 2276; March 28, 1995, Filed *183 Decision will be entered under Rule 155. For petitioner: F. Michael Kovach, Jr.
For respondent: Kenneth P. Dale. FAY
FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Year
Deficiency
1983
$ 19,989
1984
12,580
1985
5,936
1986
19,799
Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
6651(a)(1)
6653(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
1983
$ 4,997
$ 999
-- --
1984
3,145
629
-- --
1985
1,484
297
-- --
1986
4,950
-- $ 990
n1
Additions to Tax
Sec.
Sec.
Year
6653(a)(2)
6654
1983
[1]
$ 1,222
1984
[1]
792
1985
[1]
339
1986
--
957
All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court of Rules of Practice and Procedure, unless otherwise indicated. The issues for decision are: 1. Whether petitioner received and failed to report income during the 1983, 1984, 1985, and 1986 taxable years. We hold that he did. 2. Whether petitioner is liable for self-employment tax *184 during the 1983, 1984, 1985, and 1986 taxable years. We hold that he is. 3. Whether petitioner is liable for the addition to tax for failure to file income tax returns for the 1983, 1984, 1985, and 1986 taxable years. We hold that he is. 4. Whether petitioner is liable for the additions to tax pursuant to section 6653(a)(1) and (2) for the 1983, 1984, and 1985 taxable years. We hold that he is. 5. Whether petitioner is liable for the additions to tax pursuant to section 6653(a)(1)(A) and (B) for the 1986 tax year. We hold that he is. 6. Whether petitioner is liable for additions to tax pursuant to section 6654 for the tax years 1983, 1984, 1985, and 1986. We hold that he is. FINDINGS OF FACT Some of the facts have been stipulated for trial pursuant to Rule 91. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Clarkston, Washington, at the time the petition was filed. A notice of deficiency was issued to petitioner on June 22, 1992, for the tax years 1983 through 1986. Petitioner concedes that he did not file Federal income tax returns for the tax years 1983, 1984, 1985, or 1986. Petitioner is a high school *185 graduate, and, although he never received a college degree, he attended classes part time at Washington State University for 8 years. He was married and living with his wife in Idaho and Washington during the years in issue. Petitioner has three children: Rocky, born on January 3, 1980; Ulysses, born on December 16, 1984; and Naomi, born on November 18, 1985. Immediately after graduating high school, petitioner began working as a roughneck on oil rigs. He earned approximately $ 20 an hour working on oil rigs. Petitioner continued this work until 1982, at which time he moved with his family to Seattle, Washington. Petitioner and his family remained in Seattle for approximately 3 years. While living in Seattle, petitioner, his wife, and their son, Rocky, lived on a boat with Dan Gerrior, a friend of petitioner's from college. Both petitioner and Dan Gerrior testified that petitioner and his family were supported by Dan's generosity and that petitioner had no means to support himself and his family. Petitioner himself contradicted the testimony that he was destitute during the years in issue when he testified, in answer to questioning by the Court, that in 1981 he had enough *186 money to pay for insurance on his home in Clarkston. Petitioner further testified that he made three $ 5,000 payments on a home that he bought in 1981. The Court refuses to adopt the incredible testimony of either petitioner or Dan Gerrior. The Court refuses to believe the assertion that a man, apparently possessing a substantial savings, had no choice but to live entirely off the generosity of a friend. In 1983, petitioner claims to have bought a house trailer in Clarkston with a $ 20,000 loan from his friend Dan Gerrior. In 1984, petitioner and his family moved to Clarkston to live in the trailer purchased in 1983. Both petitioner and Dan Gerrior admit that there was no note evidencing the $ 20,000 loan purportedly made in 1983. No security arrangement of any kind was made, despite the large sum of money involved. Dan Gerrior's testimony that he lent $ 20,000 from a cash hoard, which he had kept buried in the back yard of an undisclosed home in Tacoma, is not credible. The Court declines to adopt either the self-serving testimony of petitioner or the incredible testimony of his good friend that a loan was the source of the $ 20,000. The credible testimony of Larry Eldore, *187 an internal revenue agent, supports the conclusion that no loan was made. Mr. Eldore testified that, during an examination of Dan Gerrior's taxes for the same years in question herein, Mr. Gerrior made no mention of the $ 20,000 loan, even when directly asked if any loans were made. The Court finds that the money used to buy the mobile home in Clarkston was not derived from a loan from a friend or from any other nontaxable source. In March 1986, petitioner, his wife, and Daniel Gerrior purchased the Nezperce Hotel in Nezperce, Idaho. Petitioner also purchased a house next door to the hotel for $ 15,000. This residence is separate and apart from the hotel. On or about May 15, 1986, representatives of the U.S. Marshals Service, assisted by local law enforcement agencies, raided and searched the Nezperce Hotel in search of Scott Wood, a fugitive. During the raid, petitioner was found in bed with his wife. On that same bed, there was found an open bag containing 1,986 grams of cocaine, having a street value of $ 59,586. [1] Petitioner's explanation as to why he and his wife were in the room where the drugs were found is absurd. The Court refuses to accept the hollow scenario of *188 petitioner, wherein he went into another man's room to shower and then, with his wife, got into the man's bed which had an open bag of cocaine on it. Moreover, in a case arising from this raid, petitioner pled guilty to possession of cocaine with intent to deliver on June 6, 1986. Daniel Gerrior also pled guilty to the charge of possession of a controlled substance in a plea agreement relating to events occurring during the raid. We further believe the testimony of Revenue Agent Eldore that petitioner admitted being engaged in drug dealing until he was incarcerated as a result of the aforementioned guilty plea. The Court finds that the self-serving testimony of petitioner and his friend Daniel Gerrior, that no drug dealing took place, is totally lacking in credibility in light of the evidence to the contrary. The Court is convinced that petitioner was the owner of the drugs found on the bed with him during the raid. *189 OPINION Respondent reconstructed petitioner's income using a source and application of funds method. Petitioner contends that the use of an indirect method of income reconstruction was improper in this case because financial records were available. However, no such records were presented at trial. Petitioner contends that his financial records had been seized by the Government and were in the possession of Revenue Agent Eldore, and, therefore, he did not have access to the records. We cannot accept this explanation, because it is contrary to the evidence presented. Revenue Agent Eldore testified that he asked the law enforcement authorities involved in the hotel raid for all of the documents that could constitute adequate records. He received only six sheets of paper listing cars purchased by petitioner. These six sheets of paper were not introduced into evidence despite petitioner's claim that they were financial records. Moreover, it is difficult to imagine that, even assuming these sheets were introduced, they could constitute adequate records for 4 tax years. It is petitioner's burden to produce records. Rule 142(a). Petitioner has failed to meet his burden. Petitioner *190 did not keep adequate books and records of his income and expenses, as required by section 6001, and, therefore, respondent was entitled to reconstruct his income and expenses pursuant to section 446, in accordance with a method that does clearly reflect income. Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965). Petitioner failed to introduce any evidence, other than his own testimony and the testimony of his friend, that supported either his claim that respondent erred in using an indirect method to reconstruct income or that respondent's determination as to petitioner's cost of living was in error. No financial records were produced to corroborate petitioner's claim of frugal living. The rule is well established that the failure of a party to introduce evidence within his possession which, if true, would be favorable to him, gives rise to the presumption that, if produced, it would be unfavorable. McKay v. Commissioner, 89 T.C. 1063, 1069 (1987), affd. 886 F.2d 1237 (9th Cir. 1989); Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), *191 affd. 162 F.2d 513 (10th Cir. 1947). It is the general rule that petitioner bears the burden of providing that respondent's determination of a deficiency is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). The Court normally does not look behind the notice of deficiency to examine the evidence used when the Commissioner determines a deficiency. Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974). However, in cases where the Commissioner alleges that the taxpayer has received illegal income, the Commissioner may be required to make some showing of the taxpayer's connection to income-producing activity. United States v. Janis, 428 U.S. 433, 441-442 (1976). The Court of Appeals for the Ninth Circuit, to which appeal lies in this matter, in a case involving the receipt of unreported illegal income, has held that a "deficiency determination which is not supported by the proper foundation of substantive evidence is clearly arbitrary and erroneous." Weimerskirch v. Commissioner, 596 F.2d 358, 362 (9th Cir. 1979), *192 revg. 67 T.C. 672 (1977). Further, the Court of Appeals stated that the Commissioner cannot rely on the presumption of correctness of a deficiency notice "in the absence of a minimal evidentiary foundation" showing that the taxpayer received unreported income from an activity. Id. at 361; see also Bradford v. Commissioner, 796 F.2d 303, 305 (9th Cir. 1986), affg. T.C. Memo. 1984-601; Delaney v. Commissioner, 743 F.2d 670, 671 (9th Cir. 1984), affg. T.C. Memo. 1982-666; United States v. Zolla, 724 F.2d 808 (9th Cir. 1984). Once the Commissioner has carried the initial burden of introducing admissible substantive evidence linking the taxpayer with an illegal activity and the receipt of unreported income therefrom, the taxpayer must rebut the Commissioner's presumption of correctness by establishing, by a preponderance of evidence, that the determination is erroneous. Adamson v. Commissioner, 745 F.2d 541 (9th Cir. 1984), affg. T.C. Memo. 1982-371; *193 United States v. Stonehill, 702 F.2d 1288 (9th Cir. 1983). Respondent's deficiency notice is not arbitrary. Respondent has introduced ample evidence to meet her burden. Petitioner admitted that he knew that there were drugs in the room in which he was found on the day the U.S. Marshals raided the Nezperce Hotel. Furthermore, petitioner pled guilty to possession of cocaine with intent to deliver on June 6, 1986, in a case that arose from the raid on the Nezperce Hotel. We believe the testimony of Revenue Agent Eldore that petitioner was engaged in drug-dealing activity. He testified that petitioner admitted that he was engaged in drug-dealing activities. Petitioner's claim that he and his family were supported by the generosity of Dan Gerrior during all of the years in issue and that he had no other source of income is not believable. There is no documentary evidence supporting this claim. The Court refuses to rely on the self-serving testimony of petitioner and his friend and cofelon Daniel Gerrior that he was not involved in drug-dealing activities. Petitioner has failed to satisfy his burden of proving that respondent's determination of his *194 income for the taxable years 1983, 1984, 1985, and 1986, as set forth in the notice of deficiency, was not correct. Respondent also determined that petitioner is liable for additions to tax as set forth in the notice of deficiency and reproduced supra p. 1. Petitioner bears the burden of proof with respect to these issues as well. Rule 142(a). Petitioner has stipulated that he did not file returns for the years at issue, 1983-86. An addition to tax in the case of a taxpayer's failure to file a return is applicable unless the failure to file is due to reasonable cause and not to willful neglect. Petitioner has stipulated that he never filed returns for the years at issue, and he presented no evidence as to reasonable cause. Accordingly, we sustain respondent's determination on this issue. Respondent determined that petitioner is liable for self-employment tax. Petitioner bears the burden of proving that he is not subject to self-employment tax. Rule 142(a). Petitioner did not present any evidence with respect to the applicability of self-employment tax. We, therefore, sustain respondent's determination of this addition to tax. Section 6654(a) imposes an addition to *195 tax for failure to pay estimated tax. Where payments of estimated tax do not equal the percentage of total liability required under the statute, imposition of the addition to tax is generally mandatory unless the taxpayer shows that one of the several statutory exceptions applies. See Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Petitioner did not present any evidence, nor does he allege that he made estimated tax payments for the years 1983-86. We, therefore, sustain respondent's determination of this addition to tax. Petitioner did not present any evidence with respect to the negligence additions to tax. Petitioner has failed to satisfy his burden of proof. We, therefore, sustain respondent's determination as to these additions to tax. Decision will be entered under Rule 155. Footnotes
1. Fifty percent of the interest due on the deficiency.↩
1. The street value of the drugs was determined by Revenue Agent Eldore in consultation with a Drug Enforcement Agency agent. Petitioner has not alleged that the valuation of the drugs found is in error, and, accordingly, the Court accepts the valuation as correct.↩