73 F.3d 370
 77 A.F.T.R.2d 96-320
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert D. PALEN; Judith K. Palen, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-70463.
 United States Court of Appeals, Ninth Circuit.
 Dec. 29, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taxpayers Robert and Judith Palen appeal pro se the United States Tax Court's dismissal of their petition for redetermination of deficiency based on lack of jurisdiction, which challenged the Commissioner of Internal Revenue's ("CIR") notice of deficiency for the tax years 1985 and 1986. We review de novo, Billingsley v. C.I.R., 868 F.2d 1081, 1084 (9th Cir.1989), and we affirm.
 
 
 3
 The CIR issued a notice of deficiency to Taxpayers on June 1, 1994. The 90 day period for filing a petition with the Tax Court expired on Tuesday, August 30, 1994. Taxpayers' petition was not received by the Tax Court until September 6, 1994 (97 days after the mailing of the notice of deficiency), and was postmarked on August 31, 1994 (91 days after the mailing of the notice of deficiency). The Tax Court concluded that the Taxpayers failed to timely file their petition pursuant to 26 U.S.C. Sec. 6213(a).
 
 
 4
 The timely filing of a petition for redetermination is a jurisdictional requirement. Shipley v. C.I.R., 572 F.2d 212, 213 (9th Cir.1977). Pursuant to 26 U.S.C. Sec. 6213, within 90 days after the notice of deficiency is mailed, a Taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. The CIR may notify the Taxpayer by certified or registered mail at the "last known address." 26 U.S.C. Sec. 6212(b)(2). "[A] notice mailed to the last known address is sufficient even if it is never received." King v. C.I.R., 857 F.2d 676, 681 (9th Cir.1988). Where mailing results in "actual notice" without prejudicial delay, it meets the requirements of section 6212. McKay v. C.I.R., 886 F.2d 1237, 1239 (9th Cir.1989).
 
 
 5
 Taxpayers contend that the CIR exhibited "willful neglect" in mailing the notice of deficiency to their previous address. The Taxpayers state, however, that they received the notice in "[l]ate June, 1994." Taxpayers, therefore, received "actual notice," see id., and failed to establish any prejudice arising from this delay. Moreover, Taxpayers do not contend that their petition was filed in a timely manner. Accordingly, the Tax Court did not err in dismissing their untimely petition for lack of jurisdiction. See Shipley, 572 F.2d at 213.
 
 
 6
 Taxpayers remaining contentions lack merit. First, they contend that the 150 day, instead of the 90 day, period which which applies under 26 U.S.C. Sec. 6213(a) when the notice of deficiency is addressed to a person outside the United States, should apply to them because they live in Hawaii. The term "United States", however, includes the states, see 26 U.S.C. Sec. 7701(a)(9), and Hawaii is a "state."
 
 
 7
 Second, the Taxpayers contend that the notice of deficiency was not "valid," because it applied income of their corporations' gross receipts as taxable income to them. Generally, we do not examine the administrative procedures underlying the CIR's notice of deficiency, unless "the notice of deficiency reveals on its face that the Commissioner failed to make a determination." Clapp v. Commissioner, 875 F.2d 1396, 1402 (1989) (explaining Scar v. Commissioner, 814 F.2d 1363 (9th Cir.1987)). Here, the CIR clearly made determinations, and although the Taxpayers disagree with the adjustment, the notice of deficiency is nonetheless "valid." Id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3