CAMBRIA DEVELOPMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 75411. Promulgated October 20, 1936.

*F. A. Pike, C. P. A.*, and *Herman A. Bachrack, Esq.*, for the petitioner.

*Hartford Allen, Esq.*, for the respondent.

OPINION.

STERNHAGEN : ■ The respondent, in determining the deficiency, has computed the cost to be used as the basis for determining petitioner's gain upon the sale of its lots as including only the amount actually spent, and excluding the estimated amount of future expenditures for improvements such as the laying out of streets and the installing of water mains. There is no substantial dispute as to the amount of such unexpended reserve, although there are minor discrepancies in the figures. As shown by the findings of fact, the correct figure derived from the evidence is $46,614.62. The respondent's disallowance is predicated upon the view that no estimate of future expenditures whatever may be included in the petitioner's cost, and in defending this view he urges that at most such inclusion is a gracious privilege which the Commissioner by his regulations has heretofore granted, but that the grant is upon the express condition stated in Mim. 4027, XII–1 C. B. 60, that petitioner must file a waiver of the statute of limitations, which it has not done. It is well established that as a matter of law the petitioner has the right to include in its cost such estimated future expenditures for the development of the property as required by its contracts of sale. *Kentucky Land, Gas & Oil Co.*, 2 B. T. A. 838; *Milton A. Mackay*, 11 B. T. A. 569; *Osgood Land & Livestock Co.*, 22 B. T. A. 387; *Birdneck Realty Corporation,* 25 B. T. A. 1084. The Commissioner has, since 1919, recognized this right, O. D. 226, 1 C. B. 76; O. D. 567, 3 C. B. 108. In the Revenue Act of 1926, section 214 (a) (11),[1] such expenses in case of casual sales of real property, were included among deductions, and this was carried through the Revenue Acts of 1928 and 1932. In omitting it from the Revenue Act of 1934, the Senate Finance Committee made it clear that it was because the Treasury had not theretofore limited such inclusion in cost or deductions to casual sales and therefore it was unnecessary to continue such provision in the statute.[2]

The argument that the cost may not include future expenditures because the condition of Mim. 4027 has not been complied with, must be rejected. That ruling was not published until 1933, long

[1] SEC. 214. (a) In computing net income there shall be allowed as deductions:
 \* \* \* \* \* \* \*
 (11) In the case of a casual sale or other casual disposition of real property, a reasonable allowance for future expense liabilities, incurred under the provisions of the contract under which such sale or other disposition was made, under such regulations as the Commissioner, with the approval of the Secretary, may prescribe, \* \* \*.

[2] The present law permits an individual who makes a casual sale of real property to reduce his gain from such sale by expenditures which he has contracted to make but which cannot be determined until a later year. The Treasury interprets section 22 as authorizing the application of this principle to any sale of real estate regardless of whether it is a casual sale. Under such an interpretation, a special rule is unnecessary and this subsection is, therefore, omitted as surplusage. \* \* \* [Senate Finance Committee Report No. 558, p. 25 (73d Cong., 2d sess.).]

after the return for 1931 was due, and was not by its terms made retroactive, and therefore has no application in this proceeding. It may, however, be seriously doubted also whether, since the inclusion of future expenditures in cost has been held to be a matter of right, the Commissioner may refuse it because the taxpayer has omitted to file the waiver required by the mimeograph regulation. This needs not to be decided in this proceeding, since in no event is the mimeograph regulation applicable.

The respondent is reversed in his determination that the estimated future expenditure should be excluded from cost.

■ The petitioner sold 300 of its lots under contracts upon which 40 percent or more of the contract price was paid down. The deficiency is based upon the determination that the contracts were, at the end of 1931, of a fair market value equal to their face, and that in consequence the entire amount of both the down payments and the unpaid obligations should be included in petitioner's gross income. The petitioner contends that the fair market value of the unpaid balance of the contracts was *nil*. This is supported by the testimony introduced in petitioner's behalf and which was neither broken down by cross-examination nor overcome by countervailing evidence. The Commissioner introduced no evidence. From the petitioner's evidence, it appears that in 1931 the obligations of the vendees of lots sold in that year were without a market at any price; that a dealer in such paper familiar with the market, whose customers might normally be expected to purchase such paper, was unable to find a buyer at any price, and that this was, in his opinion, because of the location of the development in question, the extent and nature of its encumbrances, and the continuous fall in value of such real estate at that time. While there is evidence, as shown by the findings, that in subsequent years substantial collections were made by the petitioner upon these outstanding obligations, this is not enough to support an inference of fair market value in 1931 contrary to the direct statements of the unimpeached witnesses.

Upon the two contested points, the Commissioner's determination was in error.

*Judgment will be entered under Rule 50.*