BUTLER-FORNARI REALTY CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83328. Promulgated May 26, 1938.

*Mario Fornari* for the petitioner.
*D. D. Smith, Esq.*, for the respondent.

OPINION

HARRON: Petitioner claims that under decisions of the Board it is entitled to add to original cost of land the estimated cost of future

development. The rule we have followed is stated in *Cambria Development Co.*, 34 B. T. A. 1155, as follows:

\* \* \* It is well established that as a matter of law the petitioner has the right to include in its cost such estimated future expenditures for the development of the property as required by its contracts of sale. *Kentucky Land, Gas & Oil Co.*, 2 B. T. A. 838; *Milton A. Mackay*, 11 B. T. A. 569; *Osgood Land & Livestock Co.*, 22 B. T. A. 387; *Birdneck Realty Corporation*, 25 B. T. A. 1084.

The difficulty that confronts us in this case is to determine whether the facts here are in accord with the facts which, in the cases cited, formed the predicate for the rule. The evidence in this case is meager. Petitioner's officer who tried the case apparently was not aware of the necessity of proving the facts sufficiently to demonstrate that they square with the facts in the cited cases. In the above cases an important fact was that the taxpayers established that at least some of the improvements required by the sales contracts had been made. Further, in those cases, there was no reason to doubt that the sums claimed would be spent and thus become a part of the cost of the lots sold. Presumably in this proceeding the Commissioner has allowed the deduction of the original cost and in so doing has complied with the statute in treating as gross income only the excess of receipts over the basis. If that basis is to be increased in any way the petitioner has the burden of clearly proving his right to the claimed increase. We do not have here any statutory requirement that tax liability is to be determined solely upon the probabilities of 1929, nor any prohibition against looking to the future to determine the reasonableness of those probabilities. Cf. *Ithaca Trust Co.* v. *United States*, 279 U. S. 151. According to the evidence in this case, as late as December 1937 the petitioner had not made any of the improvements called for by the contracts. For more than eight years the petitioner has done nothing to give support to its claim that it has a basis greater than the original cost of its land. Moreover, there are indications in the documents on file that the petitioner has lost by foreclosure the unsold portions of the Fox Hills tract. There is considerable doubt as to whether petitioner will be called on to make future improvements under contracts for the sale of the 80 lots in the Fox Hills tract which were sold in 1929, in view of some delinquencies in the contracts themselves and because of the loss of the unsold remainder of the tract. The improvement of streets in a real estate subdivision is a matter relating to whole blocks in the tract, if not to the whole tract, and for all we know the locations of the 80 lots sold in 1929 are scattered over the tract. As to these 80 lots, with which we are concerned in this proceeding, it is not within reason to suppose that the petitioner will spend money for improvements unless forced to, and there is no indication that any

attempt has been made to compel the construction of any improvements. Accordingly, the facts which gave rise to the rule in the *Cambria* and other cases above have not been shown to exist here, and there is no place for the application of that rule here. As the evidence fails to establish any basis for the lots higher than the basis allowed, the respondent's determination must stand.

The petitioner has conceded that the other adjustments made by respondent are correct, namely, the addition of $243.60 to taxable income. There is, therefore, a deficiency due in the amount set forth by the respondent in his notice of deficiency.

*Decision will be entered for the respondent.*