GEORGE M. BROWN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 17023-89
United States Tax Court
T.C. Memo 1992-15; 1992 Tax Ct. Memo LEXIS 20; 63 T.C.M. (CCH) 1750; T.C.M. (RIA) 92015; January 8, 1992, Filed *20 Decision will be entered for respondent. On his 1982 return, petitioner, a member of a professional musical group, claimed a net loss for his alleged tour promotion business activities. Respondent disallowed that net loss and determined that petitioner had a deficiency for taxable year 1982 in the amount of $ 89,423, together with additions to tax under sec. 6653(a)(1) and (2) and 6661, I.R.C. Petitioner conceded that he was liable for the deficiency, but did not concede liability for additions to tax. Held: Petitioner is liable for additions to tax under secs. 6653(a)(1) and (2) and 6661. Edmund J. Mendrala, for petitioner. William R. Davis, Jr. and Bernard Goldstein, for respondent. HALPERN, Judge. HALPERN
MEMORANDUM OPINION Respondent determined for the taxable year 1982 the following deficiency and additions to tax for petitioner:  Additions to Tax
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6661
$ 89,423
$ 4,471
50% of the
$ 22,356
interest due
on $ 89,423
The deficiency at issue derived from respondent's disallowance of a net loss that petitioner, a musician with the musical group "Kool and the Gang", claimed from *21 his alleged tour promotion business activities. Petitioner has since conceded the full amount of the deficiency. The remaining issues are limited to: (i) Whether petitioner is liable for additions to tax for negligence or intentional disregard of rules or regulations under section 6653(a)(1) and (2), and (ii) whether petitioner is liable for additions to tax under section 6661 due to substantial understatement of income tax. Some of the facts in this case have been stipulated and are so found. By this reference, the stipulation of facts filed by the parties and the attached exhibits are incorporated into this opinion. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Background
At the time the petition in this case was filed, petitioner resided in Marina Del Ray, California. Kool and the Gang
During the year at issue, petitioner was a member of the musical group "Kool and the Gang". Petitioner and the other members of the group were represented by TWM Management Services, Ltd. (TWM). Gerald D. Delet *22 (Delet), president of TWM, served as the business and personal manager for each individual member of the group and for the group itself. Delet worked with petitioner in developing new music, procuring tour dates, and hiring road managers, side musicians, and production staff. Further, Delet handled many of the petitioner's business and financial matters, including paying bills and living expenses and hiring accountants and attorneys. From May 1982 until May 1983, Sterling National Bank & Trust Co., New York, New York (Sterling Bank), maintained a checking account for the following depositor (the Management Account): TWM Management Services, Ltd. Management Account - George Brown 091 36457 01
Only officers of TWM, and not petitioner or any member of his musical group, had signing authority on the Management Account. Petitioner personally had no authority to withdraw money from the Management Account, but had the right to order TWM to inform him how much money was in the account. Petitioner testified that all of the earnings of Kool and the Gang were placed in a common pot and that the common pot was usually depleted, as individual group members frequently requested *23 and received money from the pot. Petitioner described this common pot as follows: All the monies that each individual [group member] earned and that was from every source that Kool and the Gang was involved in went into one pot * * * And so this is cross collateralization of funds. What would happen was members could draw out of this pot of funds whatever they had put in to suffice the amount of monies that they took out. They took out "x" dollars. They took out $ 25, and they only did $ 10 worth of work. And so when it came around to a guy like myself, who would say * * * I want to buy a condominium, there wasn't any money there because people were always taking monies out. So all the monies were in one big pot. * * *
According to petitioner's testimony, financial reports were presented at group meetings and at meetings with individual group members. Delet and Morris Pliskow (Pliskow), the group's tax accountant, attended these meetings, which were held when the group was not on tour. When Pliskow was questioned about individual transactions cited in the reports, he did not provide any extensive information, either because group members were insufficiently persistent *24 or because Pliskow was not forthcoming with such information. In his testimony, petitioner described Pliskow's typical response at these meetings as: Morris Pliskow, * * * you know, Morris, I don't completely understand. I don't understand all of the tax ramifications, et cetera, et cetera. He would say, well, I don't play drums or piano or write music, so that's your expertise and this is my expertise and that would be the summation and sum total of the conversation. * * * He would say, you have to sign this and sign that and do this and this. Don't worry about a thing; everything was in order.
The Agreement
Stipulated as a joint exhibit is an agreement (the Agreement) purportedly made in September 1982 between petitioner and TWM. Under the Agreement, petitioner was to pay TWM the amount of $ 195,000 for certain costs and expenses for services, described as nonrecoupable tour support, provided by North American Mercury, Inc. In consideration for that payment, TWM agreed to pay to petitioner 2 percent of the gross receipts derived by TWM from October 1, 1982, through June 30, 1987. The Agreement defined gross receipts as "any and all compensation, consideration *25 or anything of value actually received by TWM". Delet signed the Agreement on TWM's behalf. A signature that purports to be petitioner's appears on the Agreement. At trial, however, petitioner testified that he recalled neither signing the Agreement nor entering the transaction in question. He testified further that he never received an offer to purchase an interest in TWM and had never made any investment in the range of $ 200,000. Stipulated as another joint exhibit is a check dated September 1982, in the amount of $ 195,000, drawn on the Management Account and made payable to North American Mercury, Inc. The bank records for the Management Account reflect that a deposit of over $ 200,000 was made on the same day as the above check was dated and reflect also that such deposit was the largest deposit made to the Management Account during 1982. The check drawn on the Management Account was endorsed in the name of North American Mercury and deposited in another account at Sterling Bank. The name on this second account was "North American Mercury Inc. C/O TWM MGT Services". Petitioner's 1982 Return
With his U.S. Individual Income Tax Return for 1982 (Form 1040), petitioner *26 included one Schedule C showing a profit for his business of being a musician. On a second Schedule C, petitioner claimed an expenditure of $ 195,000. On that Schedule C, petitioner listed his business activity as "tour promotor" and further described the expenditure as a "production cost". That Schedule C expenditure substantially offset petitioner's Schedule C income as a musician. Petitioner reported taxable income for the year of $ 9,552 and a tax due of $ 1,152. Pliskow prepared petitioner's 1982 return. At trial, petitioner testified that, despite the Schedule C, he was not a tour promoter during 1982. He also testified that he recalled neither signing his 1982 return in particular nor reviewing that Schedule C and that certain parts of his 1982 return may have been completed by Pliskow after he signed it. Petitioner described reviewing his 1982 tax return with Pliskow as follows: Mr. Pliskow, with respect to reviewing tax returns, it was 10 -- 5 or 10 minutes of sitting down, as I stated before -- you were a drummer, a pianist, a musician -- this is my job, this is my expertise -- you're and you're out of there. It's as simple as that, okay. There are many documents *27 that I might have signed and have signed where I had not read fully because of being pressured for monies that were supposedly coming in from what have you, and documents that were not actually fully prepared, as most likely this was. But I signed it and they put their, do whatever they had to do.
At trial, petitioner's counsel stated that he had been in touch with Pliskow, who was available and who had agreed to testify. Pliskow, however, failed to appear. Petitioner's counsel said that he had attempted to subpoena Pliskow but that Pliskow had "ducked the process server." By notice of deficiency dated April 13, 1989, respondent determined a deficiency for the taxable year 1982 in petitioner's Federal income tax in the amount of $ 89,423, together with additions to tax under sections 6653(a)(1) and (2) and 6661. That deficiency derived from respondent's disallowance of petitioner's Schedule C loss as a tour promoter. As stated, petitioner has conceded that deficiency. Discussion
We consider here whether petitioner is liable for additions to tax under sections 6653(a)(1) and (2) and 6661. Petitioner bears the burden of proof on those issues. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); *28 Bixby v. Commissioner, 58 T.C. 757, 791 (1972). Section 6653(a)(1) and (2)
Respondent determined that petitioner was liable for additions to tax under section 6653(a)(1) and (2). Section 6653(a) provides for a two-part addition to tax if any part of the underpayment is due to negligence or intentional disregard of rules or regulations (both hereinafter referred to as negligence). First, section 6653(a)(1) imposes an addition to tax equal to 5 percent of the underpayment, any part of which is attributable to negligence. Second, section 6653(a)(2) imposes an addition to tax equal to 50 percent of the interest payable under section 6601 on that portion of the underpayment attributable to negligence. Where the deficiency in tax results from only one adjustment, as in the case here, the amount of the underpayment equals the entire amount of the deficiency, and the base for calculating the first and second parts of the addition to tax under section 6653(a) is the same. To sustain an addition to tax for negligence, we must find as a fact negligent behavior. No addition to tax for negligence will be made if the taxpayer shows that no part of the underpayment *29 is due to negligence. Weis v. Commissioner, 94 T.C. 473, 486-487 (1990). Negligence has been defined as a lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Crocker v. Commissioner, 92 T.C. 899, 916 (1989); Neely v. Commissioner, 85 T.C. 934, 947-948 (1985). Petitioner insists that he has not been negligent since he acted with due care and as a reasonable and ordinarily prudent person would. Petitioner's defense can be summed up, however, in three words: "Pliskow did it!" Petitioner has conceded that he is not entitled to any loss from tour promotion activities for 1982. He has not suggested any alternative basis for the resulting deduction. He cannot recall clearly signing his 1982 return. Nevertheless, if he did sign it, he no more than glanced at the return itself. Moreover, if he did glance at it, he did not take note of the deduction in question, which, he maintains, was likely entered on the return after he signed it (if he did sign it). Pliskow was petitioner's return preparer, and petitioner blames him for any error on the return. As the *30 Supreme Court has held in a slightly different context, a taxpayer has a duty to file a complete and accurate tax return and normally cannot avoid that duty to file by placing responsibility with an agent. United States v. Boyle, 469 U.S. 241, 251-252 (1985) (reliance on an agent to file timely a return is not "reasonable cause," so as to avoid an addition to tax for failure to file under section 6651(a)(1)). However, under limited circumstances, a taxpayer may avoid liability for the negligence addition by good faith reliance upon expert advice to satisfy the reasonable person standard. Jackson v. Commissioner, 86 T.C. 492, 539-540 (1986), affd. 864 F.2d 1521 (10th Cir. 1989). Here, we do not think petitioner has satisfied that standard. First, petitioner has conceded that there is no basis for the deduction in question, and he is not claiming that he received erroneous professional advice as to the deductibility of an otherwise nondeductible amount. He says only that Pliskow prepared his return and, if the deduction was there, he did not see it, since he only glanced at the return before signing it. If that is the case, *31 then we would conclude that petitioner's actions lacked due care. The deduction for the loss in question virtually eliminated petitioner's tax liability for the year. If petitioner did not notice the loss deduction, then his review was inadequate. See Mackay v. Commissioner, 11 B.T.A. 569 (1928) (no defense to negligence that taxpayer accepted return as prepared and signed it without any review); Biederstadt v. Commissioner, T.C. Memo. 1989-235; Dennis v. Commissioner, T.C. Memo. 1984-4 ("We believe that petitioners would have discovered the rather substantial underreporting of income * * * if they had made even a cursory review of their returns."); Myers v. Commissioner, T.C. Memo. 1980-437. If he did notice the loss deduction, but did nothing about it, then he failed to do what a reasonable and ordinarily prudent person would do under the same circumstances, which is to bring to the attention of his return preparer a loss deduction that was based on a business activity in which petitioner was never involved, as he readily acknowledged at trial. Thus, regardless of whether or not he noticed the loss *32 deduction, his actions were negligent. Alternatively, petitioner argues that he never signed the tax return in question or, if he did, Pliskow entered the erroneous deduction after he signed it. Signing a blank return to be filled in by a tax consultant can constitute negligence. See Fellows v. Commissioner, T.C. Memo. 1950-14. If petitioner did not sign his return, or if Pliskow added to it after petitioner signed it, Pliskow's testimony would have been invaluable in corroborating that of petitioner, yet Pliskow did not appear. We do not consider sufficient petitioner's explanation that Pliskow "ducked the process server." Pliskow's actions are the key to petitioner's defense, and, given the circumstances of petitioner's failure to call him, we can properly infer that Pliskow's testimony would have been unfavorable to petitioner. McKay v. Commissioner, 886 F.2d 1237, 1238 (9th Cir. 1989); Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947). As stated, petitioner here bears the burden of proving that the underpayment in question is not due to *33 negligence or intentional disregard of rules or regulations. Given the record before us, we are unable to conclude that petitioner has carried that burden, and we so find. Accordingly, we sustain respondent's determination of additions to tax under section 6653(a)(1) and (2). Section 6661
Respondent also determined that petitioner substantially understated his income tax liability and is liable for the addition to tax provided for in section 6661. The amount of an addition to tax for a substantial understatement of income tax for a taxable year, which addition is assessed after October 21, 1986, equals 25 percent of the amount of any underpayment attributable to such substantial understatement. Sec. 6661(a); Pallottini v. Commissioner, 90 T.C. 498, 500-503 (1988). Petitioner has not challenged respondent's determination that the deficiency at issue represented a substantial understatement of income tax as defined in section 6661(b). Further, petitioner has not argued, pursuant to section 6661(b)(2), that substantial authority supported the position taken by him on his return or that he adequately disclosed the relevant facts of that position. Petitioner, *34 however, argues that, notwithstanding the existence of a substantial understatement, respondent should have waived this addition to tax as permitted by section 6661(c). Section 6661(c) provides that "The Secretary may waive all or any part of the addition to tax provided by this section on a showing by the taxpayer that there was reasonable cause for the understatement * * * and that the taxpayer acted in good faith." That section gives respondent, not the Court, the discretion to waive the section 6661 addition to tax. Congress made respondent's waiver a discretionary act, and due deference should be given to respondent's exercise of his discretion under that section. Mailman v. Commissioner, 91 T.C. 1079, 1082 (1988). We have held that the denial of a waiver of the section 6661 addition to tax is subject to review by this Court and that the appropriate standard of review is whether respondent abused his discretion. Id. at 1083. The record here contains no evidence either that petitioner requested respondent to waive the section 6661 addition to tax or that petitioner submitted any materials to respondent showing or implying reasonable *35 cause or good faith on petitioner's part as required by section 6661(c). Id. at 1084 n.5. The record also lacks any evidence that respondent had any of his own information on which he might have considered a waiver. Id. We note that, in his post-trial briefs, petitioner cites solely his trial testimony in arguing for a waiver and that such testimony would have been unavailable to respondent in considering any waiver. We refuse to presume that respondent made any determination concerning whether petitioner had reasonable cause for the understatement and acted in good faith. See Magnus v. Commissioner, T.C. Memo. 1990-596. In sum, we cannot find that respondent abused his discretion when petitioner never requested respondent to exercise it. See Lapin v. Commissioner, T.C. Memo. 1990-343. Accordingly, we hold that petitioner is liable under section 6661 for an addition to tax. Conclusion
We find that petitioner is liable for additions to tax under sections 6653(a)(1) and (2) and 6661. Decision will be entered for respondent.